JAMES B. LYON and JOHN P. SCOTT *vs.* ANDREW J. GEORGE.

*Admissibility of Evidence of a Usage, in the absence of a Special contract, in respect to Services rendered—Presumption in respect of such Usage as to the Services rendered in accordance therewith—Presumption as to the knowledge of the existence of the Usage—Rule of Law applicable to Prayers when the Case is tried before the Court without the intervention of a Jury—Province of Court and Jury.*

In the absence of evidence of a special contract, where services are rendered, and a uniform usage is shown to exist in regard to such services, it will be presumed that they are rendered in accordance with the usage; and in an action to recover for such services, evidence of the existence of the usage is admissible.

The party claiming under the usage is under no legal obligation to offer proof that the usage was known to the other party. The knowledge of the usage on his part at the time the contract of employment was made will be presumed in law.

Lyon & Scott *vs.* George.

Where a case is tried before the Court without the intervention of a jury, the same rule of law is to be applied to a prayer offered, that would control the question of its rejection if the case were tried before a jury.

And it would be a fatal objection to such prayer to ask the Court to weigh the evidence and declare as a matter of law that the evidence offered by the plaintiff was entitled to more weight than that which was offered by the defendant.

Conflicting evidence is to be weighed by the jury, and the Court would be going beyond its province if it undertook to instruct them what inference they should draw from the facts submitted to them, or what weight or credibility they should attach to the evidence offered by the respective parties.

APPEAL from the Court of Common Pleas.

This case was tried before the Court, without the intervention of a jury. The facts are sufficiently stated in the opinion of the Court.

*Exception.*—The plaintiffs offered the following prayer, which the Court, (GAREY, J.,) refused:

If the Court shall believe that the agency between the parties existed from 1859 to 1874, and that monthly statements were made between them, that the defendant was not usually allowed, and never demanded commissions on any sales made by the plaintiffs, other than those made directly through his agency, and further believe that the defendant knew the plaintiffs were so selling, without his intervention, in Baltimore and the District of Columbia, as testified to by the witness, Boteler, and shown by letters of the defendant, then he should exclude from his consideration of the above case, all the evidence offered by the defendant, of usage.

· The plaintiffs excepted to the refusal of their prayer, and the verdict and judgment being against them, they appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*T. Alexander Seth*, for the appellants.

To make the evidence of usage admissible, it must sustain and justify the presumption that it was known to the parties, and that their contract was formed in reference to its existence. *Foley vs. Woodside*, 6 *Md.*, 37 ; *Rogers vs. Mech. Ins. Co.*, 1 *Story*, 607 ; 1 *Duer on Ins.*, 253 *to* 265. It should have been known to the trade in Pittsburg, where the appellants resided and carried on business. 1 *Duer on Ins.*, 260.

The interpretation of the agreement by the parties themselves, as shown by their course of dealing during a period of sixteen years, and in which time about one hundred and ninety settlements were made, should have determined what was the contract, and no evidence of usage, however general or uniform, should have been allowed to change or alter it. The prayer of the appellants was therefore improperly rejected. 1 *Duer on Ins.*, 258 ; *Price vs. Evans*, 26 *Mo.*, 49 ; *Rogers vs. Broadnax*, 27 *Texas*, 238 ; *Thompson vs. Thompson*, 2 *B. Monroe*, (*Ky.*,) 166 ; *Wilcoxen vs. Bowles*, 1 *La. Anna.*, 230 ; *Perott vs. Wikoff*, 1 *La. Anna.*, 232 ; *Commercial Bank vs. New Orleans*, 17 *Ibid*, 190 ; *Williams vs. McHattan*, 16 *Ibid*, 197.

An express contract is always admissible to supersede, vary, or control a usage or custom, for the latter may always be waived at the will of parties. Not only is a custom inadmissible which the parties have expressly excluded, but it is equally so if the parties have excluded it by necessary implication. *Insurance Co. vs. Wright*, 1 *Wallace*, 456, 470 ; *The Reeside*, 2 *Sumner*, 567 ; 2 *Parsons on Contracts*, 546 ; *Atkins vs. Howe*, 18 *Pickering*, 16, 18 ; *Bogert vs. Cowman*, *Anthon N. Y. R.*, 70.

However well established the usage might have been, there was evidence sought to be made available by the appellants' prayer, from which a jury might have found that by a long course of dealing, contrary to the custom of the trade, the parties had contracted without reference to

it. The evidence of the appellee (a witness for himself,) as to the change in the course of dealing, was sufficient to have sustained the appellants' prayer.

Usages among merchants should be very sparingly adopted by Courts of Justice, as they are often founded in mere mistake, and still more often in the want of enlarged and comprehensive views of the full bearing of principles. *Donnell vs. Columbian Ins. Co.*, 2 *Sumner*, 377.

*Joseph P. Merryman* and *H. Clay Dallam*, for the appellee.

The evidence was properly admitted by the Court. The appellee having shown that he was the sole and exclusive agent for the appellants in Baltimore and the District of Columbia, and that he was such agent at the time the sales were made upon which he claimed commissions, and the member of the firm with whom the original contract was made by the appellee having died, there was no way in which he could prove what the contract was, except by evidence as to the course of dealing, and evidence as to the general usage in such cases.

Where a usage is well established, it is as obligatory on the objects of its operation, as the general law ; usage enters into contracts, becomes a part of them, and must be regarded in their interpretation. *Bank of Columbia vs. Fitzhugh*, 1 *H. & G.*, 239 ; *Bank of Columbia vs. Magruder*, 6 *H. & J.*, 172 ; *Given vs. Charron*, 15 *Md.*, 507, 508 ; *Powell vs. Bradlee*, 9 *Gill & J.*, 220 ; *Renner vs. Bank of Columbia*, 9 *Wheaton*, 588 ; *Sewall vs. Gibbs and Jenny*, 1 *Hall*, (*N. Y.*,) 602.

The evidence showed a general usage among all glass manufacturers, (not manufacturers of glassware in Baltimore; but throughout the country) having agents in Baltimore and Washington, to allow commissions as claimed by the appellee. The appellants had been selling goods in Baltimore and Washington for many years. It was

therefore not incumbent upon the appellee to prove by direct evidence that this usage was known to the appellants—or to the trade in Pittsburg, Pennsylvania. *Gunther vs. Atwell*, 19 *Md.*, 170 ; *Register vs. Spence*, 24 *Md.*, 520 ; *Dodge vs. Farn*, 15 *Gray*, (*Mass.*,) 82.

Where a particular usage is presumed to be in the knowledge of the party, and enters into the contract, it becomes part of it, and must be regarded in the interpretation of it. *Chitty on Con.*, 7th *Am. Ed.*, 82 ; 1 *Smith's Lead. Cases*, 4 *Am. Ed.*, 584, (307); *Merchants' Mutual Ins. Co. vs. Wilson*, 2 *Md.*, 217 ; 2 *Taylor on Ev.*, secs. 1076, 1077 ; 1 *Taylor on Ev.*, sec. 148 ; 2 *Greenl. on Ev.*, sec. 251.

The Judge in the cause at bar, had all the functions of the jury, and by the judgment of the Court, he found the fact of usage fully established. It is for the jury to determine from the evidence whether a usage exists or not, and whether the parties contracted with reference to it, or not. *Burroughs vs. Langley*, 10 *Md.*, 248 ; *Appleman vs. Fisher*, 34 *Md.*, 540 ; *Sutton vs. Tatham*, 10 *Adol. & Ellis*, 27.

BRENT, J., delivered the opinion of the Court.

The appellants are manufacturers of glassware, in the town of Pittsburg, and in the year 1859 employed the appellee as an agent, to sell their glassware in Baltimore City and the District of Columbia. He continued in their employment until the year 1874. The present suit was brought to recover from him the amount of certain bills of exchange, drawn upon him by the firm and accepted, but which he now offsets by an account in bar for commissions. The only question in the case arises upon the account in bar, and that is, what are the terms of the contract under which the appellee acted as agent?

The contract was *in parol*, and was made with a member of the firm since dead. In consequence of his death, the appellee became incompetent, under the Act of 1864, to testify as to the terms of the contract, and had to rely

at the trial upon other proof to establish what the contract was.

It is admitted that the rate of commission to be allowed was five per cent., but the appellants claim that this is chargeable only on goods ordered through the appellee or sold by him, while he insists, that he was also to be entitled to a commission on all goods sold by them in the territory of his agency, whether through his intervention or not.

To sustain his claim, the appellee offered proof that he was the sole agent of the appellants in the city of Baltimore and the District of Columbia; that he had made sales of their goods to several dealers in those places; and that commission had been allowed and paid by them to the agent, who immediately preceded him in their employment, upon all their glassware sold in the territory of his agency, whether the order went directly from him or not.

He then offered to prove that there was a uniform custom and usage, among manufacturers of glassware, to allow their local agents commissions both upon goods ordered directly through such agents, and upon goods ordered by buyers, living in the territory of the agent, directly from the manufacturer.   The admissibility of this evidence was objected to, but the Court overruled the objection and allowed the evidence to be given.   Whereupon the plaintiffs excepted.

The defendant not being able to offer direct proof of the contract between himself and the plaintiffs, was seeking to establish it by indirect and circumstantial evidence. The usage offered in evidence, had certainly an important bearing upon the issue on trial.   Where uniform and well established, it has been held to shape the contracts of parties, and serve as a guide to their true meaning and understanding.   However well established, it may undoubtedly be controlled by a special contract, but in the absence of evidence of such special contract,

where services are rendered, and a uniform usage is shown to exist in regard to such services, it will be presumed that they are rendered in accordance with the usage. In the case of *Given vs. Charron*, 15 *Md.*, 507, the identical question arose. There the action was brought to recover for an alleged wrongful dismissal of the plaintiff from the employment of the defendant. No direct evidence was offered of the contract between the parties. But to show what the contract was, the plaintiff proposed to offer testimony of a usage among dry good jobbers, such as the defendant, in regard to the terms upon which they employed their clerks. This Court speaking through LE GRAND, C. J., say in regard to the admissibility of the evidence: "We think the testimony was properly admitted. It was pertinent to the contract declared upon, and a link in the chain of evidence, to establish a custom existing among dry good jobbers, as to the time for which they were to be understood as employing clerks, when nothing was said in regard to it." In the case of *Renner vs. Bank of Columbia*, 9 *Wheaton*, 548, evidence of the usage of banks in the District of Columbia, in regard to the day of demanding payment upon bills of exchange and promissory notes, was held to be admissible for the purpose of explaining the understanding of parties as to their contracts. This authority was recognized and followed in the case of the *Bank of Columbia vs. Magruder*, 6 *H. & J.*, 180, and in the case of the *Bank of Columbia, vs. Fitzhugh*, 1 *H. & G.*, 248.

The objection to the admissibility of the evidence, that its offer was not accompanied with an offer to prove that the usage was known to the plaintiffs cannot be sustained. The defendant was under no legal obligation to offer such proof. The contract was entered into with a member of the plaintiffs' firm, since dead, and the knowledge of the usage, on his part, when the agreement to employ the defendant as agent was made, will be presumed in

law. This doctrine is so strongly recognized in the case of the *Bank of Columbia vs. Fitzhugh*, above cited, that it may now be considered a settled question in this State, and it is unnecessary to refer to other cases in support of it.

The authorities which have been cited on the part of the appellants, to show that usage is inadmissible to explain contracts, are cases of special contract, established by direct proof, either in writing or by parol, and where from the terms of the contract, it was apparent that the parties had excluded the usage referred to. They differ widely from the case before us. Here no special contract is proven, and the evidence of usage is offered as one circumstance, from which with others, a reasonable inference may be drawn, as to what the real contract was between the parties.

We concur with the Court below, and think the usage referred to in the offer of the defendant, was clearly admissible in this case.

The next question arises upon the prayer of the plaintiffs, which was refused by the Court.

The same rule of law is to be applied to this prayer, that would control the question of its rejection, if the case was on trial before a jury.

The fatal objection to the prayer is, that the Court is asked to weigh the evidence, and declare as a matter of law, that the evidence offered by the plaintiffs is entitled to more weight, than that which was offered by the defendant. The question at issue was the contract between the parties, and its terms were to be arrived at from all the evidence offered at the trial. The letters referred to in the prayer stand no higher than would parol admissions of the defendant, and the Court cannot assume in an instruction, which declares only the law of the case, that their contents and the testimony of the witness Boteler, cannot be reconciled with the evidence offered by the defendant. This is a question to be determined, when the

facts in the case come to be weighed and considered by the proper tribunal.    Conflicting evidence is to be weighed by the jury, and the Court would be going beyond its province, if it undertook to instruct them what inference they should draw from the facts submitted to them, or what weight or credibility they should attach to the evidence offered by the respective parties.    Regarding the prayer of the plaintiffs as open to these objections, we think it was properly rejected.

*Judgment affirmed.*

(Decided 7th March, 1876.)