624 A.2d 1300

**KELLY CATERING, INC.**

v.

**Sandra A. HOLMAN.**

**No. 1293, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

May 27, 1993.

Richard F. Walsh (Northrop, Shelby, Walsh, Radcliff & Schiszik, on the brief), Bowie, for appellant.

Timothy F. Talbot (Harvey S. Wasserman, and Joel L. Katz, P.A., on the brief), Annapolis, for appellee.

Argued before MOYLAN, ALPERT and FISCHER, JJ.

ALPERT, Judge.

The Maryland Workers' Compensation Commission determined that appellee, Sandra A. Holman, was an independent contractor (and *not* an employee of appellant Kelly Catering, Inc.) and therefore was *not* eligible to receive workers' compensation benefits. Following her appeal, an Anne Arundel County jury reversed, and determined that Holman was, in fact, an employee of Kelly. Kelly, on appeal, now asks us to address the following variations on a single theme:

I. Should the prevailing party from a previous workers' compensation hearing be allowed to offer into evidence, at a subsequent appeal of that decision [to the circuit court], the decision of the commission?

II. Is the prevailing party from a previous workers' compensation commission hearing entitled to have the jury instructed that:

a. the plaintiff is appealing a decision of the workers' compensation commission;

b. the workers' compensation commission found that the plaintiff was an independent contractor and therefore was entitled to no benefits from defendant; and

c. the plaintiff has the burden of proving by a preponderance of the evidence the decision of the Commissioner is wrong?

III. Given that the requirements of Md. Labor & Employment Code Anno., § 9–745(a) through (e), allow for one of

two possible dispositions of an appeal of a workers' compensation case, *i.e.*,

(1) the court determines that the Commission acted within its powers and correctly construed the law and facts, *or*

(2) the court determines that the Commission did not act within its powers or did not correctly construe the laws and facts, can a verdict or Order that does not make one of those two dispositions properly reverse, nullify or remand the findings or award of the Commission?

We answer each of the first two questions (and the component parts thereof) in the affirmative (*i.e.*, in favor of appellant), and therefore reverse. Consequently, we need not consider the merits of appellant's third argument. In an attempt to assist the circuit court on remand, however, we note that the form and substance of both the jury's verdict and the Order corresponding thereto were sufficient to permit the court to reverse, nullify, or remand the findings or award of the Commission.

## I.

We begin by presenting the undisputed facts in this case. Sandra A. Holman ("Holman"), appellee, drove a catering truck owned by Kelly Catering, Inc., ("Kelly,") appellant. The nature of Holman's business may be simply described. She was given a specific territory to operate in, and within that territory Holman would, for the most part, drive from construction site to construction site selling food and beverages to the various construction crews. On the date in question, August 29, 1989, the truck that Holman was driving was struck in the rear by a Prince William County (Virginia) police car. As a result of the accident, Holman apparently suffered various personal bodily injuries.

In an attempt to seek recovery for these injuries, Holman filed a claim for benefits with the Maryland Workers' Compensation Commission (hereinafter, the "WCC"). Kelly defended on the grounds that Holman was not a covered employ-

ee within the purview of the Workers' Compensation statute [1], contending that Holman was an independent contractor and, therefore, not entitled to workers' compensation benefits.

On May 15, 1990, an evidentiary hearing on the matter was held before Commissioner Charles J. Krysiak. Following the hearing, and based on the evidence before him, the Commissioner found in favor of Kelly, *i.e.*, he found that Holman was an independent contractor and, accordingly, not entitled to benefits.

Holman filed a timely appeal to the Circuit Court for Anne Arundel County, and a jury trial was eventually set to commence on November 7, 1991. On the day of trial, prior to *voir dire*, Holman made an oral motion in the nature of a Motion *in Limine*. By this motion, and over Kelly's objection, Holman (1) acknowledged that the Commission's decision had the effect of placing the burden of proof on Holman, but (2) requested the court to bar Kelly from entering into evidence— *or even mentioning*—the fact that the placement of this burden resulted from the WCC's decision. The court granted Holman's motion, which lead to the following colloquy:

MR. WALSH [attorney for Kelly]:

My questioning and opening statement and possibly my closing I can't say what I need to say.

COURT:

Okay. You may have [a standing objection to the ruling on the motion] but ... remember[,] you *can* say what the presumption is and who [has] the burden of proof[.]

MR. WALSH:

---

1. According to Md. Labor & Employment Code Anno. ["LE"] § 9–101(f),

[A] "covered employee" means an individual listed in Subtitle 2 of this title for whom a person ... is required by law to provide coverage under this title.

And under LE 9–202(a),

Except as otherwise provided, an individual ... is a covered employee while in the service of an employer under an express or implied contract of ... hire.

And I can mention ... that there was a workers compensation hearing, too, I would presume, because I'm going to be talking about testimony—

COURT:

Well. . . . yes, you may, but you can't get into the finding of the Commission. As a matter of law we will find in this case that the Commissioner's findings [were] correct. But it's on the issue, not his finding that's before this jury.

MR. WALSH:

*I just can't mention that the Commissioner is the one that the presumption resulted from.*

COURT:

Right.

MR. WALSH:

[So I can't discuss the] specific decision, but I *can* bring up the hearing?

COURT:

Correct.

(Emphasis added.)

Five days later, *i.e.,* on November 12, 1991, the parties reconvened for the jury instructions, closing arguments, deliberations and verdict. As part of the process, Kelly requested that the court give the jury Maryland Civil Pattern Jury Instruction ["MPJI"] 30:3 ("Burden of Proof [in Workers' Compensation cases]"), which reads in relevant part as follows:

This case has been heard and decided by the [Workers'] Compensation Commission. The [employee is] appealing the decision of the Commission.

The Commission determined that [Holman is an independent contractor]. This decision is presumed to be correct. The [employee has] the burden of proving by a preponderance of the evidence that the decision is wrong. In meeting this burden the [employee] may rely on the same, less or more evidence than was presented to the Commission.

(Continue with the second and following paragraphs of MPJI 1:8a, General Instructions [as to the Burden of Proof].)

The court denied Kelly's request, and instead simply used MPJI 1:8a (the general civil instruction as to the preponderance of the evidence) with the following short, additional, introductory preface:

The posture of this case . . . is [that] . . . under the law the claimant in this case is presumed to be an independent contractor. She is not presumed to be an employee. The claimant in the case has the burden of proving her case to the extent that she is an employee. The claimant asserts that claim, that she is an employee, and has the burden of proving it by what we call the preponderance of the evidence. [Whereupon, the Court essentially gave MPJI 1:8a.]

The jury's verdict came back in favor of Holman, and against Kelly. Specifically, this verdict came back in the form of answers to two questions, to wit:

In August, 1989, Sandra Holman was an employee of Kelly Catering, Inc.? *Yes.*

or

Was Sandra Holman an independent contractor doing business with Kelly Catering, Inc. in August, 1989? *No.*

On November 25, 1991, the trial court signed an order with respect to the jury's finding. This order read, in relevant part, as follows:

This appeal . . . having been tried before a jury on November 5–7 [sic], 1991, an[d] the jury by special verdict finding that the Claimant was an employee of Kelly Catering, Inc., it is this *25th* day of *Nov.*, 1991, by the Circuit Court for Anne Arundel County,

ORDERED, that the May 15, 1990 Award of the Workers' Compensation Commission be and hereby is vacated with respect to the provision finding that Claimant was not an employee of Kelly Catering, Inc., but was an independent contractor[.]

Kelly subsequently filed this appeal, in which it contends that the trial court made the three above-mentioned errors: (1) Kelly should have been allowed to offer into evidence the decision of the commission, (2) Kelly was entitled to a jury instruction similar to that of MPJI 30:3, and (3) the jury's decision, along with the Court's November 25, 1991 Order, were insufficient to reverse properly, nullify or remand the findings or award of the Commission. We discuss each of these contentions respectively below.

## II. EVIDENCE AND STATUTORY INTERPRETATION

Even though ostensibly couched in evidentiary terms [2], the crux of Kelly's first issue on appeal is grounded in both statutory interpretation *and* the rules of evidence. We shall first discuss the statutory component, and then the evidentiary one.

### A. *The Statute*

### Relevant Statutory Provisions

As Kelly correctly notes, the governing statutory language reads, in relevant part, as follows:

**[LE] § 9-745. Conduct of appeal proceedings.**

\* \* \* \* \* \*

(b) *Presumption and burden of proof.*—In each court proceeding under this title:

(1) the decision of the Commission is presumed to be prima facie correct; and

(2) the party challenging the decision has the burden of proof.

(c) *Determination by court.*—The court shall determine whether the Commission:

(1) justly considered all of the facts about the accidental personal injury[;]

(2) exceeded the powers granted to it under this title; or

---

**2.** In this regard, Holman asks "Should the prevailing party ... be allowed to offer into evidence ... the decision of the Commission?"

(3) misconstrued the law and facts applicable in the case decided.

Kelly directs our attention to the legislature's apparently deliberate focus on the Commission's *decision:*

[T]he *decision* of the Commission is presumed to be prima facie correct]. LE § 9–745(b)(1).] * * * [T]he party challenging the *decision* has the burden of proof. [LE § 9–745(b)(2).] * * * * The court shall determine whether the *Commission* [complied with LE §§ 9–745(c)(1) through (3) ].

Appellant's Brief at 8 (emphasis added by Kelly).

Ergo, Kelly contends that "[t]he plain language of this statute shows that determinations to be made on appeal [to the circuit court] must and are having to do with *what the Commission decided." See Abell v. Goetze, Inc.,* 245 Md. 433, 437, 226 A.2d 253 (1967) ("The burden is upon the appellant to overcome the presumption that the *decision* of the Commission is prima facie correct, and he must do this to the satisfaction of the trier of the facts"; emphasis suggested by Kelly). Consequently, Kelly argues, "If the fact finder is not even aware the Commission made a decision[,] how can [the fact finder on appeal] possibly decide whether the decision was supported by the facts[?]" *Id.* We agree, but for reasons different than those advocated by Kelly.

We begin our discussion by examining Judge Moylan's incisive analysis in *General Motors Corp. v. Bark,* 79 Md.App. 68, 555 A.2d 542 (1989), a case cited extensively by both parties to this action.

The facts in *Bark* may be summarized briefly. A salvage mechanic, Harry T. Bark, suffered a knee injury in the course and scope of his employment. The WCC awarded temporary total disability benefits to him, and his employer appealed. On appeal, in a non-jury trial before the Circuit Court for Baltimore City (Hammerman, J), the court reversed the WCC's decision (and thereby *denied* benefits to Bark). On Bark's subsequent appeal to an *en banc* panel of the circuit court, the panel reversed the circuit court's decision (essentially reinstating the WCC's decision in favor of coverage). The

case was then appealed to us, and we reversed the panel's decision (essentially reinstating Judge Hammerman's decision denying coverage [3]. The procedural posture of the case provided Judge Moylan with an opportunity to discuss the various standards of review at work in that case: *en banc* review, review of administrative agency decisions generally, and, of most importance to us presently, *de novo* review in workers' compensation cases.

With respect to *de novo* review, Judge Moylan's discussion focused on an apparent inconsistency between two provisions in the law as then codified. On the one hand, the Workmen's [now Workers'] Compensation Act, then codified as Md.Ann. Code art. 101, § 56 (governing "Appeals") [now subsumed, in relevant part, into LE §§ 9–737, 9–745(c) ] [4], provided initially that

> Any employer, employee, beneficiary or person feeling aggrieved by any decision of the [WCC] affecting his interests under this article, may have the same reviewed by a proceeding *in the nature of an appeal* and initiated in the circuit court * * * and the court shall determine whether the [WCC] has justly considered all the facts concerning the injury, whether it has exceeded the powers granted it by the article, and whether it has misconstrued the law and facts applicable in the case decided.

*Bark*, 79 Md.App. at 73, 555 A.2d 542 (*quoting* art. 101, § 56(a) [now LE §§ 9–737, 9–745(c) ]; emphasis added in *Bark*). The effect of this provision, *without more*, suggests that the circuit court, "in routinely appellate fashion, would scrutinize the action of the Commission for legal error, includ-

---

**3.** This series of successive appeals led Judge Moylan to wax poetic:
Even fleas have little fleas,
 On their backs to bite 'em;
And those fleas have littler fleas,
 And so *ad infinitum*.
So it is even with judicial review.
 *Bark*, 79 Md.App. at 70, 555 A.2d 542.

**4.** Pursuant to Chs. 8 and 21, Acts of 1991, the Workers' Compensation statutes were recodified into the Labor and Employment article.

ing the question of evidentiary sufficiency." *Bark,* 79 Md.App. at 74, 555 A.2d 542.

But the statute, noted Judge Moylan, *did* provide "more." Indeed, the statute

significant[ly] depart[ed] from the administrative agency norm, . . . [and went] on to provide a *vastly broader recourse* for the appellant in a Workers' Compensation case:

"Upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case."

There is thus provided, in major measure, the prerogative of a trial *de novo* at the circuit court level of any or all of the factual issues initially determined by the Commission.

*Bark,* 79 Md.App. at 74, 555 A.2d 542 (*quoting* art. 101, § 56(a) [now LE § 9–745(d) ]; emphasis added here).[5] The two provisions, Judge Moylan noted, present an apparent inconsistency. On the one hand, the statute seems to suggest that an aggrieved party is afforded a trial *de novo;* on the other hand, the disposition provided for in the statute is decidedly *not* consistent with a *de novo* proceeding. *Bark,* 79 Md.App. at 74–75, 555 A.2d 542. That disposition (then codified as part of art. 101, § 56(a), and now recodified substantially unchanged at LE § 9–745(e)) currently reads as follows:

If the court determines that the Commission acted within its powers and correctly construed the law and facts, the court shall confirm the decision of the Commission.

LE § 9–745(e)(1).

The conflict between the concept of a trial *de novo,* on the one hand, and the disposition set forth in LE § 9–745(e), on the other, is obvious:

---

**5.** Judge Moylan noted that, "[a]lthough the statute does not use the terms, those directions would seem to contemplate a trial which essentially is *de novo.*" *Bark,* 79 Md.App. at 74, 555 A.2d 542 (*quoting Richardson v. Home Mutual,* 235 Md. 252, 255, 201 A.2d 340 (1964)).

What would happen if the circuit court concluded that the decision of the Commission was in every respect free from error (arguably requiring its affirmance) but the circuit court, in the course of its *de novo* fact finding, nonetheless reached a different conclusion? Does a different *de novo* result necessarily imply error on the part of the Commission? Hardly. If the *de novo* court found a particular witness highly credible, that would not establish that the Commission had been in error or had "misconstrued the facts" in finding that same witness less credible. If the *de novo* court gave a particular bit of testimony or other evidence great weight, that would not establish that the Commission had been in error or had "misconstrued the facts" in giving it less weight. Regrettably, the case law has not yet even addressed, let alone attempted to reconcile, these apparently contradictory directions[.]

*Bark,* 79 Md.App. at 75, 555 A.2d 542.

We now attempt to address and to reconcile the apparently contradictory directions set forth in the Workers' Compensation statutes as the same were discussed by Judge Moylan.

### The Preservation of the *De Novo* Hearing

We begin, as we must, with Judge Moylan's correct assessment of the situation in *Bark:*

Under the appropriate standard of review, [*i.e.,* the clearly erroneous standard] Judge Hammerman's *de novo* fact finding was ... free from error.

This does not remotely suggest that the Commission's finding was not also free from error. The Commission "justly considered all of the facts concerning the injury." The Commission did not exceed "the powers granted it by the Article." The Commission did not misconstrue "the law and the facts applicable in the case decided." *If, therefore, Judge Hammerman or the in banc panel or this Court were being called upon to assess the propriety of what the Commission did, the Commission's decision would unquestionably be affirmed. The Commission's decision is not being affirmed, however, not because that is the wrong*

*answer but because that [i.e., "Did the Commission act properly?"] is the wrong question.*

> *Because of the very nature of de novo fact finding, we are not assessing, and the in banc panel should not have assessed, the propriety of the Commission's decision. What matters rather is the propriety of Judge Hammerman's [i.e., the fact finder's] decision.*

*Bark,* 79 Md.App. at 85, 555 A.2d 542.

The essence of the relevant portion of our holding in *Bark* deserves restatement: *Despite the language of LE §§ 9–745(c) and (e)—which admittedly appear to focus on the propriety of the Commission's decision—the circuit court (in Workers' Compensation appeals) essentially sits as a de novo court.* Accordingly, we will not disturb that court's factual findings unless those findings (taken on their own merits) were clearly erroneous. Moreover, we will apply the clearly erroneous standard *irrespective as to (1) how the circuit court's findings comport with the Commission's findings, or (2) the language of the relevant statutory provisions.* As we noted in *Turner v. State, Public Defender,* 61 Md.App. 393, 486 A.2d 804 (1985),

> We made clear in *Dent [v. Cahill,* 18 Md.App. 117, 305 A.2d 233 (1973) ] that the fact finder "may disagree with the Commission's interpretation of the facts and arrive at a different conclusion. . . ." 18 Md.App. at 127 [305 A.2d 233]. Unlike many other administrative law bodies, such as the Public Service Commission, the Insurance Commission, and zoning boards, where the appeal to [the] circuit court is usually determined on the basis of the record made at the hearing before the agency, workmen's compensation appeals are heard *de novo.*

*Turner,* 61 Md.App. at 398, 486 A.2d 804 (*quoted in Bark,* 79 Md.App. at 88–89, 555 A.2d 542).

### B. *Evidentiary Issues*

Given that we now hold (notwithstanding appellant Kelly's argument to the contrary) that the "plain language" of the Workers' Compensation statute *does not* show that determina-

tions to be made on appeal to the circuit court have to do with what the Commission decided, does this mean that Kelly has necessarily raised a losing "evidentiary" argument[6]? Not exactly. Much like *Bark*, in fact, we feel that this appellant benefits from the right answer to the wrong question.

In the case *sub judice*, the trial court, without elaboration, determined that (1) the Commission's decision had the effect of placing the burden of proof on Holman, but (2) Kelly was barred from entering into evidence—*or even mentioning*—the fact that the placement of this burden resulted from the WCC's decision. From an evidentiary standpoint, it is implicit that the trial court's decision was grounded in the doctrine of relevance. As the trial court noted,

> I think the point is[,] what is the issue in the case and who has got the burden of proving the issue[?] It's not a question whether the Commissioner was right or wrong. I do not have any problem with the jury being told that ... the claimant here has the burden of proving that [she is an employee]. But there's a ... presumption that she was not an employee within the meaning of the [Workers'] Compensation Act and it is her burden to overcome that presumption. So, ... they're the ground rules that I'm giving you[.] [Y]ou can tell [the jury] there's a presumption that [Holman] wasn't an employee, ... and she has the burden of proof of overcoming that.

From the trial court's perspective, therefore, the *means* by which the presumption was derived (*i.e.*, the Commission's decision) was irrelevant. To that court, the only relevant facts concerning the WCC's decision were the *results* of that decision, *i.e.*, (1) that Holman's status as an independent contractor is presumed to be prima facie correct, and (2) that Holman, as the party challenging the WCC's decision, had the burden of proof. *See* LE § 9–745(b).

---

**6.** Kelly argues that the prevailing party from a previous workers' compensation hearing should be allowed to offer into evidence, at a subsequent appeal of that decision to the circuit court, the decision of the Commission.

■ Accordingly, in order to assess whether the trial court properly barred Kelly from entering into evidence the WCC's decision, we must employ the standards associated with the doctrine of relevance. Those standards were recently set forth in *Myers v. Celotex Corp.*, 88 Md.App. 442, 594 A.2d 1248 (1991), *cert. denied as Fibreboard Corp. v. Myers*, 325 Md. 249, 600 A.2d 418 (1992), to wit:

Evidence, to be admissible, must be both relevant and material. Evidence is material if it tends to establish a proposition that has legal significance to the litigation; it is relevant if it is sufficiently probative of a proposition that, if established, would have legal significance to the litigation. Evidence is relevant, therefore, if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence, and a fact is material if it is of legal consequence to the determination of the issues in the case, which are dependent upon the pleadings and the substantive law. * * * *

The general rule in this State is that all evidence that is relevant to a material issue is admissible except as otherwise provided by statutes or by rules applicable in Maryland courts. Relevant evidence may be excluded if the trial court, in its discretion, believes that its probative value is substantially outweighed by the dangers of unfair prejudice.

*Myers*, 88 Md.App. at 454, 594 A.2d 1248.

■ We believe that, by any standards, the WCC's decision was both relevant and material. As we discussed above, the ultimate—indeed, the *only*—factual finding that the jury in the case at bar was asked to make was whether Holman was an employee of Kelly or an independent contractor. It is pellucid that the WCC's resolution of that very issue is both material (because it is of legal consequence to the determination of the issue) and relevant (because it tends to make the existence of a material fact, *i.e.*, Holman's status as an independent contractor, more probable than it would be without the evidence; it is, of course, beyond dispute—and therefore rarely stated—that the WCC possesses considerable expertise in interpreting and applying the Workers' Compensation stat-

utes, *see, e.g., Pigeon v. Department of IL & HR,* 109 Wis.2d 519, 326 N.W.2d 752, 755 (1982),[7] and accordingly the WCC's finding of a particular fact makes the existence of that fact more probable than had the WCC not so found said fact). Thus, we need only determine whether the trial court acted within its discretion by implicitly determining that the probative value of the Commission's decision was substantially outweighed by the dangers of unfair prejudice. *See Myers,* 88 Md.App. at 454, 594 A.2d 1248.

In the case *sub judice,* the probative value of the excluded evidence (*i.e.,* the Commission's decision) is obvious; it would clearly tend to prove that Holman was, in fact, an independent contractor. The importance of the excluded evidence to Kelly's case was manifest in several significant ways. First, as was apparent in the colloquy which followed the trial court's decision, it defies common sense for the parties to be able to discuss the *testimony* which occurred at a prior hearing without being able to discuss the *finding* which resulted from that testimony. Second, as aptly explained by Kelly in its brief before this court, explaining to a jury that the presumption arose from a previous proceeding gives a meaningful *context* to the presumption. Third, (as was discussed above) while the propriety of the Commission's decision is not *the* issue to be decided by the circuit court, the significance and relevance of that decision is clearly underscored by the applicable statutory language; that is, it seems clear enough from the language of LE § 9–745, *inter alia,* that the legislature wanted the finder of fact *to be aware* that the presumption resulted from the Commission's decision.

On the other hand, we can see absolutely no prejudice, much less *unfair* prejudice, to Holman in admitting the evidence. The Commission's decision resulted from an open

---

7. *See also Doski v. M. Goldseker Co.,* 539 F.2d 1326, 1332 (C.A.Md. 1976) (administrative interpretation of statute by enforcing agency is entitled to great deference). *To same effect, Baltimore Gas & Elec. Co. v. Public Service Com'n of Md.,* 305 Md. 145, 161–62, 501 A.2d 1307 (1986).

hearing, where both parties were provided with a full and fair opportunity to have their respective cases heard.

We hold, therefore, that it was error for the court to exclude the Commission's decision on the implicit ground of relevance. And since admission of the evidence would have produced no discernible prejudice to Holman that would counterbalance its probative value, the trial court abused its discretion by excluding this relevant evidence.

## III.  JURY INSTRUCTIONS

██  The crux of this issue may be boiled down as follows: was the circuit court's short, additional, introductory preface, when coupled with its general preponderance instruction, sufficient to "fairly cover" the requested instruction (*i.e.*, MPJI 30:3)? [8]  We believe it was not.

As we stated in *Myers v. Alessi*, 80 Md.App. 124, 560 A.2d 59, *cert. denied*, 317 Md. 640, 566 A.2d 101 (1989),

> To determine the propriety of denying a requested jury instruction, a reviewing court must examine whether the requested instruction was fairly covered by the instructions actually given, and that the requested instruction is a correct statement of the law based on the evidence presented. It is firmly established that under Maryland Rule 2–520(c) a trial judge is not obliged to give a requested instruction if the matter is fairly covered in the instructions actually given.

*Id.* 80 Md.App. at 132, 560 A.2d 59 (citations omitted).  We begin, therefore, by comparing the requested instruction (MPJI 30:3) with the instruction actually given.

Both the requested instruction (MPJI 30:3) and the instruction actually given are comprised of two parts; a first part, where the jury is instructed as to the procedural posture of the case, and a second part, where the jury is given the

---

**8.** *See* Md. Rule 2–520(c) ("The court need not grant a requested instruction if the matter is fairly covered by the instructions actually given.").

general instructions as to the burden of proof in a civil case (*i.e.,* the preponderance of the evidence standard; *see* MPJI 1:8a). The essence of Kelly's argument is that, while the court properly instructed the jury as to the general preponderance standard (*i.e.,* the "second part"), *the court failed to instruct the jury adequately as to the procedural posture of the case* (*i.e.,* the "first part"). We agree.

In explaining the procedural posture of the case, the trial court explained, simply,

> The posture of this case comes to you is ... under the law the claimant in this case is presumed to be an independent contractor. She is not presumed to be an employee. The claimant in the case has the burden of proving her case to the extent that she is an employee. The claimant asserts that claim, that she is an employee, and has the burden of proving it by what we call the preponderance of the evidence.

Nowhere in this statement in regard to the procedural posture did the court make reference to the fact that the case had been previously heard and decided by the WCC, *a fact which is at the heart of the case's posture.* In contrast, the requested instruction (MPJI 30:3) *focuses extensively* on the fact that the case had been tried previously:

> This case has been heard and decided by the [Workers'] Compensation Commission. The [employee is] appealing the decision of the Commission.
>
> The Commission determined that [Holman is an independent contractor]. This decision is presumed to be correct. The [employee has] the burden of proving by a preponderance of the evidence that the decision is wrong. In meeting this burden the [employee] may rely on the same, less or more evidence than was presented to the Commission.

To the degree that the instructions actually given ignore the significance of the prior WCC hearing, we do not believe that the requested instruction was "fairly covered by the instructions actually given."

We also note, significantly, that the requested instruction (MPJI 30:3) is a correct statement of the law based on the evidence that should have been presented (including, of course, the WCC's decision itself which, as discussed, was erroneously excluded in the case at bar). While the provisions of the Workers' Compensation statute were intended to preserve the right to a *de novo* trial [9], it is equally true that the legislature intended that the finder of fact be made aware of WCC's hearing and decision that predated the trial. *See* LE § 9–745. Indeed, as we have suggested previously, the existence of the WCC's decision is a necessary and proper component of the jury instructions in cases such as this. *See Giant Food v. Coffey,* 52 Md.App. 572, 579–80, 451 A.2d 151 (1982), *cert. denied,* 295 Md. 283 (1983) [10]. The trial court erred by determining otherwise. We warn, however, that there is a fine line that must be tread here. On the one hand, we hold that a judge has the duty to instruct a jury as to the proceedings of the Commission below, and of the presumption of correctness accorded to the Commission's decision. On the other hand, we also hold that the right to a trial *de novo* is, by our decision today, absolutely preserved. In implementing these two holdings, trial judges, in instructing juries, must carefully avoid suggesting that the Commission's decision is binding upon the finder of fact. It is not. The Commission's decision is merely *evidence* of a particular fact (or facts) which, as with all evidence, the jury is free to disregard if it finds it to be incredible.

---

9. *See* discussion above, as well as in *Bark, supra.*

10. In *Coffey* we held as follows:
   Appellants argue that the trial court erred in not submitting to the jury a written issue indicating that the jury could, if it found support in the evidence, affirm the decision of the Workmen's Compensation Commission. We find no merit in this contention. *The record indicates that the trial court properly advised the jury concerning the presumption that the Commission's decision was correct. The judge also advised the jury that the employee has the "burden of proving by a preponderance of the evidence that that decision is wrong."*
   52 Md.App. at 579–80, 451 A.2d 151 (emphasis added).

We believe that MPJI 30:3 does adequately direct the jury as to how to weigh the above two considerations.

## IV. VERDICT AND ORDER

Finally, Kelly asks us to determine whether the jury's verdict, in combination with the circuit court's order, was sufficient to comply with the requirements set forth in LE § 9–745. Since we answered each of its first two questions (and the component parts thereof) in the affirmative, and therefore reverse, we need not consider the merits of appellant's third argument. In an attempt to assist the circuit court on remand, however, we note that the form and substance of both the jury's verdict and the Order corresponding thereto were sufficient to permit the court to reverse, nullify, or remand the findings or award of the Commission.

As aforementioned, today we've confirmed—any language in LE §§ 9–745(c) and (e) notwithstanding—that the circuit court (in Workers' Compensation appeals) essentially sits as a *de novo* court. Consequently, its mission is *not* to determine the propriety of what the Commission did, *see Bark*, 79 Md.App. at 85, 555 A.2d 542; rather, its duty, *inter alia*, is to resolve disputed questions of fact. That being the case, where (as here) the only issue before the circuit court is the resolution of a single factual issue, any verdict or Order which clearly sets forth that resolution is sufficient to comply with the statute.[11]

JUDGMENT REVERSED; CASE REMANDED FOR A NEW TRIAL TO THE CIRCUIT COURT FOR ANNE

---

11. We note, moreover, that where the jury's decision differs from that of the Commission, there is an implicit finding that, *within the limited meaning given to the statute*, the Commission did not "act within its power or did not *correctly* construe the law and facts[.]" LE § 9–745(e)(2) (emphasis added). In saying this, of course, we do not mean to even remotely suggest that, simply because the jury disagreed with the Commission, that the Commission "erred" in the conventional sense of the word. *See Bark*, 79 Md.App. at 85, 555 A.2d 542. Rather, we are merely suggesting that a rather expansive definition be given to the word "correctly," as that word appears in LE § 9–745.

ARUNDEL COUNTY. COSTS TO BE PAID BY APPEL-
LEE.