# COASTWISE SHIPBUILDING COMPANY AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

## *vs.*

# HOWARD F. TOLSON.

*State Accident Industrial Commission: appeals; prayers; province of jury; sting by an insect.*

Under the Employers' Liability Act, on appeals from the decision of the commission, its determination is *prima facie* correct, and the burden of proof is on the party attacking the same. p. 205

An employee of a Shipbuilding Company was removing old piling for a foundation; in raising one of the pieces his hand was stung apparently by some insect; from this wound blood poisoning ensued, and he was confined to a hospital for six weeks; he filed a claim before the State Accident Commission as for an accidental personal injury which arose out of and was received while in the course of his employment; his claim was found in his favor, with an allowance of $6 a week for the time of his disability; the defendant appealed, and the appeal was heard by the Court sitting without a jury; the defendant offered a prayer asking the Court to rule as a matter of law that the evidence showed the injury was caused by the sting of some insect, and such an injury was not an accidental personal injury arising out of and in the course of the plaintiff's employment, and that the award should be set aside: *Held,* that this prayer was erroneous because, on such trials, it is for the jury to determine whether the injury to the plaintiff arose out of and in the course of his employment by the defendant, and that the Court was not authorized to assume the fact to be found by the jury. p. 207

Where a cause is tried by the court without the assistance of a jury, the same rule of law is applicable to the prayers, upon their rejection, as would be the case if the cause were tried before a jury.                                                    p. 208

*Decided January 17th, 1918.*

Appeal from the Court of Common Pleas of Baltimore City. (SOPER, C. J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Garner W. Denmead* (with whom was *S. W. Gambrill,* on the brief), for the appellants.

*Eugene O'Dunne* and *Donald B. Creecy* submitted a brief for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

Howard F. Tolson, the appellee herein, was in the employ of the Coastwise Shipbuilding Company as a laborer at its yards in Baltimore City. On the 22nd day of July, 1916, he was assisting in removing old piling for a foundation. While engaged in this work he attempted to remove an old broken piece of piling, five or six feet in length and a foot square, which was almost completely covered with barnacles and imbedded in the sand. In order to do this he put his hand under it and received a wound upon the inside of his fourth, or little, finger, the sensation from which resembled that produced by the sting of an insect, or such as would be occasioned by any sharp substance piercing the flesh and

being withdrawn. There was no swelling of the finger until two days after the injury, when it began to swell and developed into blood poisoning. He was removed to the University Hospital, where he was confined for about six weeks. Within proper time he filed a claim for compensation with the State Accident Industrial Commission. The Commission, after complying with all of the formalities required by the provisions of Chapter 800 of the Acts of Assembly of 1914 and the amendments thereto, the Act creating and defining the powers and duties of the Commission, held that the blood poisoning and the subsequent results were the natural results of an accidental personal injury sustained by an employee arising out of and in the course of his employment, and passed an order by which his employer and the insurer were to pay him compensation at the rate of six dollars a week during the continuance of his disability, according to the provision of section 35 of the Act.

· From that order an appeal was taken to the Court of Common Pleas of Baltimore City. The case was there heard before the Court sitting as a jury, and the decision of the Commission was confirmed, and it is from the judgment therein entered that this appeal has been taken.

There is but one exception in the record, and that relates to the ruling upon the prayers. The two prayers offered by the appellee were refused. The first prayer of the appellant was refused as offered, but was granted as amended by the Court. As offered, it sought to have the Court rule that, in cases arising under the Compensation Act, the burden of proof is upon the employee to show that he sustained an accidental personal injury, arising out of and in the course of his employment, and unless the employee so proves, compensation can not be awarded him. The Court amended this prayer by adding thereto the following: "But in Court proceedings, upon an appeal from a decision of the Commission, the decision is to be held *prima facie* correct, and the burden of proof is upon the party attacking it."

The prayer as offered is entirely silent as to whether the placing of the burden of proof referred to the trial before the Commission or to that before the Court on appeal. It is only natural that it should have been intended to refer to the proceeding then before the Court. If, however, it was intended to refer to the hearing before the Commission, it was misleading in the extreme, for it could have been taken as referring to both trials. If that was the object sought to be effected, then it would have been an erroneous instruction, for by section 55 of the Act it is expressly provided that "on appeal the decision of the Commission shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same." This provision has been passed upon and held to be literally taken as expressed, in three cases in this Court—*Frazier* v. *Leas*, 127 Md. 573; *American Ice Company* v. *Fitzhugh,* 128 Md. 382, and *Jewel Tea Company* v. *Weber, ante,* page 178. It must, upon these decisions, be held that the Court was correct in refusing the first prayer as offered, and the amended prayer correctly stated the law.

The second and third prayers can be treated together. The appellant sought to have the Court rule as a matter of law, "that there was no evidence legally sufficient to prove that the appellee sustained an accidental personal injury, arising out of and in the course of his employment, and therefore the award of compensation must be set aside"; and in the third prayer, to rule as a matter of law, "that the evidence in this case shows the injury to the appellee was occasioned by the sting of a wasp or insect of similar character, and that such an injury is not an accidental personal injury arising out of and in the course of his employment, and therefore the award must be set aside and amended."

The very question presented by these prayers has been so very recently passed upon by this Court in the case of the *Jewel Tea Company* v. *Weber, supra,* that a repetition of

what we there said, JUDGE THOMAS, speaking for us, is all that should be said:

"As the case was tried by a jury, with the burden on the appellant to show that the decision of the Commission was incorrect, it was for the jury to determine the questions of fact presented by the appeal and among them the question whether the injury sustained by the deceased arose out of and in the course of his employment by the appellant, and the Court was not authorized to say that the appellant had met the burden imposed on it, or to assume a fact to be found by the jury. In the case of *Western Md. R. Co.* v. *Kehoe,* 86 Md. 54, the Court said: 'The Court can not decide between opposing witnesses. The jury must determine questions of fact, and, as said in *Charleston Insurance Co.* v. *Corner,* 2 Gill, 427, "No action of the Court should control the exercise of their admitted right to weigh the credibility of evidence." ' In *B. & O. R. Co.* v. *Hendricks,* 104 Md. 76, CHIEF JUDGE McSHERRY said: 'There is no principle better established than that which denies to the Court the right of assuming any fact, in aid of a prayer, when the *onus* of proving such fact rests upon the party asking the instruction, no matter how strong and convincing his proof on the subject may be.' In the case of *Calvert Bank* v. *Katz,* 102 Md. 56, JUDGE JONES, speaking for the Court, said: 'Doubtless, the jury would have found these facts according to the testimony, but the sufficiency of the evidence to satisfy the jury, or the circumstance that it was all on one side, does not authorize the Court to direct the jury that it proves the fact'; and in the case of *Lemp Brewing Co.* v. *Mantz,* 120 Md. 176, the Court said: 'With that burden on the plaintiff, the claimant, the case at bar could not, at the instances of the plaintiff, have been withdraw from the jury, for although the evidence adduced by the plaintiff was practically uncontradicted, the rule in this State is that the Court can not assume the existence of facts and take away from the jury the finding of the same.'

"The settled rule in such cases as to the burden of proof and the established principle applicable to withdrawing a case from the jury required the jury to decide the questions of fact presented by the appeal in this case, and the Court below properly refused to grant the first, second and third prayers of the appellant."

The fact that we were there dealing with a case which was tried with the aid of a jury, and in the case at bar was tried without the aid of a jury, causes no difference in the principles above announced. It has long been established that, in trying a case before the Court, sitting as a Court and jury, the same rule of law is applicable to the prayers, upon the question of their rejection, as would be if the case were being tried before a jury. *Lyon* v. *George,* 44 Md. 295; *Hobbs* v. *Batory,* 86 Md. 68.

It is clear the questions of fact involved in these prayers should have been presented in prayers for the Court to find as facts, and therefore the ruling was correct on these prayers.

*Judgment affirmed, with costs to the appellee.*