639 A.2d 701

**Sandra A. HOLMAN**

v́.

**KELLY CATERING, INC.**

**No. 100, Sept. Term, 1993.**

Court of Appeals of Maryland.

April 15, 1994.

Timothy F. Talbot (Harvey S. Wasserman, Joel L. Katz, P.A., all on brief) Annapolis, for petitioner.

Evelyn O. Cannon and James Himes, Asst. Attys. Gen. (J. Joseph Curran, Jr., Atty. Gen., all on brief), Baltimore, for Uninsured Employers' Fund, amicus curiae.

Richard F. Walsh (Northrop, Walsh, Radcliff, Schiszik & Becker, all on brief), Bowie, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW KARWACKI, BELL and RAKER, JJ.

CHASANOW, Judge.

On September 26, 1989, Sandra Ann Holman filed a claim for workers' compensation benefits based on various bodily injuries she sustained in an accident while driving a catering truck for Kelly Catering, Inc. Kelly contested this claim and contended that Holman was precluded from claiming benefits because she was an independent contractor rather than an

employee. A hearing on Holman's claim was held before the Maryland Workers' Compensation Commission on May 14, 1990. Based on the testimony at that hearing, the Commission decided in Kelly's favor and found that Holman should be denied benefits because she was not an employee of the catering service.

Holman appealed this adverse decision to the Circuit Court for Anne Arundel County, and requested a jury trial. Prior to trial, Holman moved that the court exclude any reference to the Commission's decision in favor of Kelly. Kelly objected and contended that the legislature's requirement that the "decision of the Commission is presumed to be prima facie correct" would be pointless if the jury could not be told of the Commission's decision. *See* Maryland Code (1991 Repl.Vol.), Labor and Employment Article,[1] § 9–745(b)(1). Notwithstanding Kelly's objection, the trial court granted Holman's motion and trial began. Prior to opening statements, the judge entertained further discussion on whether the jury should be informed of the Commission's decision, reiterated his ruling that the jury should not, and granted Kelly's standing objection to that ruling.

Following presentation of the evidence, Kelly directed the judge's attention to Maryland Civil Pattern Jury Instruction 30:3, which explains that the case "has been heard and decided by the [Commission]," instructs on what the Commission decided, and informs the jury that "[the] decision is presumed to be correct." *Maryland Civil Pattern Jury Instructions* 30:3, at 653 (2d ed. 1984).[2] *See also Maryland Civil Pattern*

---

1. Unless otherwise indicated, all references shall be to Maryland Code (1991 Repl.Vol.), Labor and Employment Article.

2. In its entirety, Maryland Civil Pattern Jury Instruction 30:3 reads as follows:

   "This case has been heard and decided by the Workmen's Compensation Commission. The [employee is] [employer and insurer are] appealing the decision of the Commission.
   The Commission determined that (insert findings). This decision is presumed to be correct. The [employee has] [employer and insurer have] the burden of proving by a preponderance of the evidence that

*Jury Instructions* 30:3, at 644 (3d ed. 1993).   In accordance with his earlier ruling, however, the judge instructed the jury without mentioning the Commission's decision:

"The posture of this case [is that] *under the law the claimant in this case is presumed to be an independent contractor.  She is not presumed to be an employee.  The claimant in the case has the burden of proving her case to the extent that she is an employee.*  The claimant asserts that claim, that she is an employee, and has the burden of proving it by what we call [a] preponderance of the evidence.   To prove a preponderance of the evidence ... means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that is more likely true than not true." (Emphasis added).

The jury returned a verdict that Holman was an employee of Kelly.   Kelly appealed to the Court of Special Appeals, which reversed the judgment of the circuit court and remanded the case to that court for a new trial.  *See Kelly Catering, Inc. v. Holman,* 96 Md.App. 256, 624 A.2d 1300 (1993).   One of the bases for reversal was the trial court's failure to instruct the jury on the Commission's decision which, according to the intermediate appellate court, was "a necessary and proper component of the jury instructions in cases such as this." *Kelly Catering,* 96 Md.App. at 275, 624 A.2d at 1309.

We granted certiorari in this case to consider the role of the Workers' Compensation Commission's decision in a circuit court appellate proceeding where a jury trial has been re-

---

the decision is wrong.   In meeting this burden the [employee] [employer and insurer] may rely on the same, less or more evidence than was presented to the Commission."
*Maryland Civil Pattern Jury Instructions* 30:3, at 653 (2d ed. 1984).

**484**

quested.[3] For the reasons discussed below, we shall affirm the Court of Special Appeals' decision.

## I.

■ Pursuant to § 9–737 of the Labor and Employment Article, a party aggrieved by the decision of the Commission may appeal to the circuit court. Section 9–745 provides the procedure for conducting appellate proceedings in the circuit court. Under § 9–745(d), the appealing party may request a trial by jury, as Holman did, to which "any question of fact involved in the case" is submitted. Although not expressly specified, we have recognized that the statute "contemplates a trial which essentially is *de novo*." *Smith v. State Roads Comm.*, 240 Md. 525, 533, 214 A.2d 792, 796 (1965). *See also Richardson v. Home Mutual*, 235 Md. 252, 255, 201 A.2d 340, 342 (1964) (noting that the statute "would seem to contemplate a trial which essentially is de novo ..."); *General Motors Corp. v. Bark*, 79 Md.App. 68, 74, 555 A.2d 542, 545 (1989) (acknowledging that the "availability of a trial *de novo* at the circuit court level is not to be doubted, even if its statutory pedigree is more implicit than explicit").

The present dispute primarily concerns the scope of § 9–745(b), which addresses the burden of proof and the *prima facie* correctness of the Commission's decision in a circuit court appellate proceeding. Section 9–745(b) provides as follows:

"(b) *Presumptions and burden of proof.*—In each court proceeding under this title:

(1) the decision of the Commission is presumed to be prima facie correct; *and*

---

3. The specific questions raised by the appellant in her petition for a writ of certiorari are as follows:
 "1. In an appeal from the Workers' Compensation Commission to the Circuit Court, is the decision of the Workers' Compensation Commission admissible as evidence at the Circuit Court jury trial or is it simply a means of shifting the burden of proof?
 2. Whether Respondent was entitled to Maryland Pattern Jury Instruction 30:3?"

(2) the party challenging the decision has the burden of proof." (Emphasis added).

Holman and Kelly disagree over the legislature's intention behind this provision. Kelly contends that part of the statute's purpose is to bring the decision of the Commission to the jury's attention. Therefore, Kelly argues, the trial judge's failure to inform "the jury of the Commission[']s decision and the weight to be attached to that decision" was erroneous. To the contrary, Holman contends the statute merely envisions that "the Commission's decision is ... the means used for shifting the burden of proof at trial," and in no way requires that the decision be presented to the jury.

We begin our analysis of § 9–745(b) by reiterating that "[o]ur inquiry into legislative intent begins with the words of the statute...." *Harris v. State,* 331 Md. 137, 145, 626 A.2d 946, 950 (1993). *See also State v. Bricker,* 321 Md. 86, 92, 581 A.2d 9, 12 (1990) ("When interpreting a statute, the starting point is the wording of the relevant provisions."). Our examination of such words is guided by the principle that we should read "pertinent parts of the legislative language together, giving effect to all of those parts if we can, and rendering no part of the law surplusage." *Sinai Hosp. v. Dep't of Employment,* 309 Md. 28, 40, 522 A.2d 382, 388 (1987).

In § 9–745(b), the legislature has specified that the decision of the Commission is (1) "presumed to be prima facie correct," *and* (2) "the party challenging the decision has the burden of proof." These are two distinct yet connected requirements. *See Comptroller v. Fairchild Industries,* 303 Md. 280, 285–86, 493 A.2d 341, 343–44 (1985) ("It is ordinarily presumed that the word 'and' should be interpreted according to its plain and ordinary meaning and that it is not interchangeable with the word 'or.' "); 1A Sutherland Stat. Const. § 21.14, at 129 (5th ed. 1993) ("Where two or more requirements are provided in a section and it is the legislative intent that all of the requirements must be fulfilled in order to comply with the statute, the conjunctive 'and' should be used."). Holman maintains, however, that both provisions

perform the same function and simply shift the burden of proof in an appeal. Notwithstanding Holman's assertion, we believe that, by including both of these provisions, the legislature intended that the Commission's decision have a greater effect than merely placing the burden of proof on the party who challenges that decision.

Section 9–745(b)(2) already explicitly shifts the burden of proof to the appealing party. Thus, if the only effect of § 9–745(b)(1)'s presumption of *prima facie* correctness is to place the burden of proof on the party appealing the decision, this provision would be superfluous in light of subsection (b)(2). On many occasions this Court has recognized the " 'fundamental rule of statutory construction ... that no word, clause, sentence or phrase should be rendered surplusage, superfluous, meaningless, or nugatory.' " *In re Wallace W.*, 333 Md. 186, 192, 634 A.2d 53, 56–57 (1993) (quoting *Md. Port Adm. v. Brawner Contracting Co.*, 303 Md. 44, 60, 492 A.2d 281, 289 (1985)). *See also Management Personnel Serv. v. Sandefur*, 300 Md. 332, 341, 478 A.2d 310, 315 (1984); *City of Baltimore v. Hackley*, 300 Md. 277, 283, 477 A.2d 1174, 1177 (1984). In light of this principle, we reject Holman's contention because we are unwilling to deem § 9–745(b)(1)'s presumption of *prima facie* correctness as mere surplusage to § 9–745(b)(2).

In order to effectuate the legislature's mandate that the Commission's "decision ... is presumed to be prima facie correct," the jury should know *what* decision is presumed correct and *who* made that decision. *See Kelly Catering*, 96 Md.App. at 272, 624 A.2d at 1308 ("[I]t seems clear enough from the language of § 9–745, *inter alia*, that the legislature wanted the finder of fact *to be aware* that the presumption [that Holman is an independent contractor] resulted from the Commission's decision." (emphasis in original)); *Alexander v. Montgomery County*, 87 Md.App. 275, 287, 589 A.2d 563, 569 (1991) (writing for the intermediate appellate court, Judge Robert M. Bell reasoned that, "because [the Commission's decision] is presumed correct, that decision had to be presented to the jury"). In addition, if the jurors are told that the decision is *prima facie* correct, they obviously will consider it

in weighing whether the party challenging the Commission's decision has met its burden of proof by a preponderance of the evidence. *See Morris v. Christopher,* 255 Md. 372, 378–81, 258 A.2d 172, 176–77 (1969) (discussing preponderance-of-the-evidence standard in workers' compensation appeals).

Support for our conclusion is also found in the rule that, when "construing statutes in order to ascertain the legislature's intent, we do not read particular language in isolation or out of context. We construe statutory language in light of the legislature's general purpose and in the context of the statute as a whole." *Forbes v. Harleysville Mutual,* 322 Md. 689, 696–97, 589 A.2d 944, 948 (1991). In *Newell v. Richards,* 323 Md. 717, 594 A.2d 1152 (1991), we stated that the Workers' Compensation Commission is "an administrative agency and *was created specifically to develop an expertise in its field.*" 323 Md. at 732, 594 A.2d at 1159–60 (emphasis added). *See also Kelly Catering,* 96 Md.App. at 271–72, 624 A.2d at 1307 ("[I]t is, of course, beyond dispute—and therefore rarely stated—that the [Commission] possesses considerable expertise in interpreting and applying the Workers' Compensation statutes...."). In light of the Commission's "expertise," we fail to see why the legislature would want to shield the jury from the fact that the Commission rendered the decision that is presumed correct.

Moreover, when construing a statute, we generally avoid attributing to the legislature a construction that is "unreasonable, illogical or inconsistent with common sense." *Fairchild Industries,* 303 Md. at 288, 493 A.2d at 345. *See also Richmond v. State,* 326 Md. 257, 262, 604 A.2d 483, 486 (1992) (noting that this Court approaches the analysis of statutory language from a " 'commonsensical' " perspective); *State v. Intercontinental, Ltd.,* 302 Md. 132, 137, 486 A.2d 174, 176 (1985) (stating that the Court seeks to adopt a construction which avoids results that are illogical, unreasonable, or inconsistent with common sense). If we concluded that the legislature wanted to keep the jury in the dark about the fact that the Commission previously heard and decided the case, this would require an unreasonable construction and could poten-

tially mislead juries. Kelly observes that, by informing the jury in general terms that the law presumes Holman is an independent contractor, the jury might

> "feel this was an unfair advantage the law provides to the Company. Simply telling the jury there is a presumption that a person is an independent contractor has no meaning and runs counter to the common sense and experience of most people, since the vast majority of people are employees. . . .
>
> If, however, a person or juror was told that the presumption arose from a hearing in front of the Commission, where all parties attended, and the Commission decided, based on all the evidence, that [Holman] was an independent contractor, the jury would ... understand the reason for the presumption."

The Court of Special Appeals also noted that "explaining to a jury that the presumption arose from a previous proceeding gives a meaningful *context* to the presumption." *Kelly Catering*, 96 Md.App. at 272, 624 A.2d at 1308 (emphasis in original).

In various other scenarios, the failure to provide the jury with a "meaningful *context*" for a presumption would also appear contrary to common sense. For instance, in a partial disability case where the Commission found a 5% disability, it would be nonsensical to tell the jury without further explanation that an employer has the burden of proving the claimant is not 5% disabled. *Cf. Baughman Co. v. Mellott,* 216 Md. 278, 285–86, 139 A.2d 852, 856 (1958) (noting, in a case where the Commission found a 5% disability and the jury reversed and found a 60% disability, that "the issue of the extent of permanent partial disability was one which was properly submitted to the jury with a proper instruction (which was given) as to the presumption in favor of the finding of the Commission"); *Cabell Con. Blk. Co. v. Yarborough,* 192 Md. 360, 64 A.2d 292 (1949). Kelly points to several other "legal presumptions" that would be meaningless unless the jury was told that the presumption resulted from the decision of the Workers' Compensation Commission. For example, it would be mean-

ingless to tell a jury that "the law presumes" an employee is 100% permanently disabled or that 35% of an employee's disability is related to his work injury and 65% is unrelated to his work injury. We do not believe the legislature wished for juries to apply presumptions that might appear contrary to common experience in the absence of an understanding as to how those presumptions arose.

Holman also relies heavily on the provisions governing health claims arbitration proceedings to support her contention that the jury should not be notified of the Commission's decision. With respect to judicial review of such proceedings, the Maryland Code provides as follows:

> "(d) *Admissibility of award; presumption of correctness.*— Unless vacated by the court pursuant to subsection (c), *the unmodified arbitration award is admissible as evidence in the judicial proceeding.* The award shall be presumed to be correct, and the burden is on the party rejecting it to prove that it is not correct." (Emphasis added).

Md.Code (1974, 1989 Repl.Vol., 1993 Cum.Supp.), Cts. & Jud. Proc. Art., § 3–2A–06(d). Because § 3–2A–06(d) expressly authorizes admission of the arbitration award in an appeal from the Health Claims Arbitration Office (HCAO), Holman reasons that the legislature would have used similar language in the workers' compensation statute if it intended for the decision of the Commission to be admitted into evidence. We disagree.

As this Court noted in *Newell v. Richards,*

> "[w]orkers' compensation is a statutory remedy. The legislation that establishes the burden of proof on appeal was written on a clean slate. There were no burdens and presumptions; indeed, there was no cause of action for workers' compensation prior to the workers' compensation statute."

323 Md. at 732, 594 A.2d at 1160. Writing on this "clean slate," the legislature provided that the party appealing a decision of the Commission has the burden of proof, and the decision is presumed *prima facie* correct. *See* § 9–745(b).

In a health claims arbitration appeal, however, the common law burden of proof remains with the plaintiff. As we stated in *Newell,* although the award is "admissible in evidence and is presumed correct, [it] does not have the additional effect of shifting the common law burden of proof." *Newell,* 323 Md. at 729, 594 A.2d at 1158. Thus, in a health claims arbitration appeal, a plaintiff who claims a physician was negligent still has the traditional common law burden of proof, but the HCAO decision is expressly admissible in evidence. If the HCAO found in favor of the plaintiff, that decision is presumed correct and is evidence which aids the plaintiff in satisfying the common law burden of proof. *See Newell,* 323 Md. at 733–34, 594 A.2d at 1160. On the other hand, if the HCAO found in favor of the physician, then the plaintiff has a double hurdle to overcome—the traditional common law burden of proof and the presumption of correctness of the award in favor of the physician. *See id.*

We believe the legislature wished to make it absolutely clear that, in a health claims arbitration appeal, the award should be admitted into evidence to assist a plaintiff who prevailed below in meeting the traditional common law burden of proof on appeal. Simply because the legislature wished to preclude any arguable ambiguity over whether an award is admissible in a health claims arbitration appeal, however, does not alter our view of the legislature's intent behind the workers' compensation statute. Sound statutory interpretation strongly indicates that § 9–745(b) requires the jury to be informed of the decision of the Commission notwithstanding the fact that the statute does not expressly say so. The mere fact that a later statute (*i.e.,* health claims arbitration) is more explicit than a prior one (*i.e.,* workers' compensation) is not dispositive in our construction of the earlier statute.[4] Thus, notwithstanding Holman's reliance on the health claims arbitration

---

4. The language creating the presumption that the Workers' Compensation Commission's decision is *prima facie* correct originated in 1914, *see* Chapter 800 of the Acts of 1914, whereas the health claims arbitration provision providing for the admissibility of such a decision arose in 1976. *See* Chapter 235 of the Acts of 1976.

statute, we conclude that, by specifying the Commission's decision is "presumed to be prima facie correct," the legislature intended for the jury to be instructed as to what decision is presumed correct and who rendered that decision.[5]

Holman asserts, and Kelly agrees, that "[t]he instant case presents this Court with an opportunity to decide for the first time whether or not a decision rendered by the [Commission] has any evidentiary value to [a] judge or jury in an appeal from a workers' compensation proceeding." Despite this assertion, our prior decisions have indicated that the jury should be instructed on the Commission's decision so the jurors may consider it in reaching their verdict.

---

5. Although we agree with Kelly's contention that the jury should be instructed on the Commission's decision, we take issue with part of Kelly's reasoning in support of that contention. Kelly asserts that, pursuant to Md.Code (1991 Repl.Vol.), Labor & Employment Art., §§ 9–745(c) & (e), "[i]t is fundamental that *the jury* cannot deliberate and confirm, reverse or modify without having the decision before it." (Emphasis added). Subsections (c) and (e), however, do not address the duties of a jury but rather delineate the duties of a court. *See* § 9–745(c) (stating that "[t]he court shall determine whether the Commission ... justly considered all of the facts [or] exceeded the powers granted to it under this title [or] misconstrued the law and facts applicable in the case decided"); § 9–745(e) (stating that "[i]f the court determines that the Commission acted within its powers and correctly construed the law and facts, the court shall confirm the decision of the Commission," and "[i]f the court determines that the Commission did not act within its powers or did not correctly construe the law and facts, the court shall reverse or modify the decision or remand the case to the Commission for further proceedings"). The function of the jury is dealt with in subsection (d) as follows: "On a motion by any party filed with the clerk of the court in accordance with the practice in civil cases, the court shall submit to a jury any question of fact involved in the case." Thus, where a party requests an appeal before a jury, the jury is limited to resolving any question of fact, but does not determine whether the Commission correctly construed the law. *See Federal Tin Co. v. Hoffman*, 164 Md. 431, 436, 165 A. 323, 325 (1933) ("It is for the court and not the jury to affirm, reverse, or modify the ruling of the commission appealed from."); *Balto. Publishing Co. v. Hendricks*, 156 Md. 74, 79, 143 A. 654, 655 (1928) ("It is for the court and not the jury to decide whether the commission 'has exceeded the powers granted it by the article, whether it has misconstrued the law and facts applicable to the case decided.'" (citation omitted)); *Schiller v. B. & O.R.R. Co.*, 137 Md. 235, 242, 112 A. 272, 275 (1920) (explaining that, although the

Over seventy-five years ago in *Coastwise Shipbldg. Co. v. Tolson,* 132 Md. 203, 206, 103 A. 478, 479 (1918), this Court upheld an instruction which informed the jury of the existence of the State Industrial Accident Commission's decision.[6] The instruction contained the following language: " 'But in Court proceedings, upon an appeal from a decision of the Commission, the decision is to be held *prima facie* correct, and the burden of proof is upon the party attacking it.' " *Tolson,* 132 Md. at 205, 103 A. at 478–79. In analyzing this instruction, the Court pointed to the predecessor of § 9–745(b), which provided that on appeal "the decision of the Commission shall be prima facie correct and the burden of proof shall be upon the party attacking the same." Chapter 800 of the Acts of 1914, Section 55, at 1460. The *Tolson* Court noted that this provision is "literally taken as expressed" and, therefore, the jury instruction given by the court "correctly stated the law." 132 Md. at 206, 103 A. at 479. *Tolson*'s interpretation of § 9–745(b)'s predecessor clearly refutes Holman's assertion that a trial judge must avoid mentioning that the presumption (*i.e.,* Holman is an independent contractor) resulted from the Commission's prior determination.

On numerous occasions since *Tolson,* this Court has approved of instructions that explicitly told the jury that the decision of the Commission is presumed *prima facie* correct. For instance, in *Larkin v. Smith,* 183 Md. 274, 37 A.2d 340 (1944), we accepted the propriety of an instruction that apprised the jury of the Commission's prior decision. The issue in *Larkin* was whether or not the claimant was wholly dependent upon her child who died from injuries sustained in the

statute affords a jury trial, it does so "in such a way as to enable the court to apply the law to the facts after they are found by the jury").

**6.** The State Industrial Accident Commission was the predecessor of the Workmen's Compensation Commission, which is now the State Workers' Compensation Commission. *See* Md.Code (1957, 1985 Repl.Vol.), Art. 101, § 1 (abolishing the State Industrial Accident Commission and creating the Workmen's Compensation Commission); Md.Code (1991 Repl.Vol.), Labor & Employment Art., § 9–301 (establishing the State Workers' Compensation Commission).

course of his employment. We summarized the trial court's instructions as follows:

> "[T]he trial court instructed the jury that the State Industrial Accident Commission had decided that the appellee was wholly dependent upon the decedent at the time of his death, that decision was *prima facie* correct, and the burden of proof was on the appellants to show by a fair preponderance of affirmative evidence that the appellee was not [wholly] dependent."

183 Md. at 278, 37 A.2d at 341–42. The trial judge also reminded the jury, " '[y]ou must always remember ... that the findings of the Commission that this woman was a total dependent [are] *prima facie* correct.' " *Larkin*, 183 Md. at 279, 37 A.2d at 342. *See also Morris*, 255 Md. at 378–81, 258 A.2d at 176–77 (rejecting appellant's contention, which was basically the same as Holman's contention in the instant case, *i.e.*, "that [an] instruction gave the Commission's decision a greater weight than the statutes and the decisions of this Court intend that it should have"); *Unger & Mahon v. Lidston*, 177 Md. 265, 270, 9 A.2d 604, 606–07 (1939) (finding no error in an instruction that informed the jury "the decision of the State [Industrial] Accident Commission was *prima facie* correct").

Thus, Maryland case law demonstrates that the commonly accepted understanding of § 9–745(b) is that jury instructions should refer to the fact that the Commission rendered a prior decision, and that such a decision is *prima facie* correct. The bar has also accepted this understanding, as is evident from suggested instructions in several practitioners' texts which refer to the Commission's decision and its relevant determinations. *See, e.g., Maryland Civil Pattern Jury Instructions* 30:3, at 644 (3d ed. 1993); Rosalyn B. Bell, *Maryland Civil Jury Instructions and Commentary* § 41.02, at 960 (1993); Theodore B. Cornblatt et al., *Workers' Compensation Manual* § 3.25, at 3–15 (7th ed. 1992). *See also* Maurice J. Pressman, *Workmen's Compensation in Maryland* § 4–26, at 441 (2d ed. 1977) (commenting that the Commission's decision is presumed correct and "may be offered in evidence"). We believe

this "commonly accepted understanding" appropriately reflects the law as intended by the legislature.

We point out that trial judges should not unduly emphasize the decision of the Commission. As lucidly explained by the Court of Special Appeals,

"[w]hile the provisions of the Workers' Compensation statute were intended to preserve the right to a *de novo* trial, it is equally true that the legislature intended that the finder of fact be made aware of [the] WCC's hearing and decision that predated the trial. *See* LE § 9–745. Indeed, as we have suggested previously, the existence of the WCC's decision is a necessary and proper component of the jury instructions in cases such as this. *See Giant Food v. Coffey,* 52 Md.App. 572, 579–80, 451 A.2d 151[, 155–56] (1982), *cert. denied,* 295 Md. 283 (1983). The trial court erred by determining otherwise. We warn, however, that there is a fine line that must be tread here. On the one hand, we hold that a judge has the duty to instruct a jury as to the proceedings of the Commission below, and of the presumption of correctness accorded to the Commission's decision. On the other hand, we also hold that the right to a trial *de novo* is, by our decision today, absolutely preserved. In implementing these two holdings, trial judges, in instructing juries, must carefully avoid suggesting that the Commission's decision is binding upon the finder of fact. It is not. The Commission's decision is merely *evidence* of a particular fact (or facts) which, as with all evidence, the jury is free to disregard if it finds it to be incredible." (Emphasis in original) (footnotes omitted).

*Kelly Catering,* 96 Md.App. at 275, 624 A.2d at 1309.

Whether the judge should admit a copy of the Commission's actual decision into evidence and allow the jury to examine it is yet another question. Ordinarily, we think it would be sufficient for a trial judge simply to tell the jury what the Commission decided, *i.e.,* "the Maryland Workers' Compensation Commission determined that Holman was an independent

contractor," and explain that the Commission's determination is presumed *prima facie* correct. In addition, if the Commission's decision contains extraneous or harmful matter, or the prejudice outweighs its probative value, a judge obviously should refuse to provide a copy to the jury. *See Hunt v. State*, 312 Md. 494, 504, 540 A.2d 1125, 1130 (1988) ("As a general rule, the trial judge may exclude relevant evidence if the danger of unfair prejudice substantially outweighs its probative value."). *See also* Maryland Rule 5–403 (effective July 1, 1994). In such cases, a judge should instruct the jury only on the Commission's relevant findings, and decline to provide a copy of its decision to the jurors.

## II.

The circuit court's judgment that Holman is entitled to benefits must be reversed because that court erred by refusing to give the jury instruction requested by Kelly. In *Wegad v. Howard Street Jewelers*, 326 Md. 409, 605 A.2d 123 (1992), this Court explained the following with respect to whether a judge has properly denied a party's requested jury instruction:

"[U]nder Maryland Rule 2–520(c), the court 'need not grant a requested instruction if the matter is fairly covered by instructions actually given.' *See State Roads Comm'n v. Parker*, 275 Md. 651, 688, 344 A.2d 109, 129 (1975) (If the substance of the requested instruction is fully and fairly covered by the instruction given, there is 'no requirement on [the court's] part to grant any specific requested instruction submitted by [a party]—assuming arguendo—that such proffered instruction would have, with precision, submitted to the jury a correct proposition of law.'). Consequently, to rule upon the propriety of denying a requested jury instruction, a reviewing court must determine whether the requested instruction was a correct exposition of the law, whether that law was applicable in light of the evidence before the jury, and finally whether the substance of the requested

instruction was fairly covered by the instruction actually given."

326 Md. at 414, 605 A.2d at 126. *See also Dover Elevator Co. v. Swann,* 334 Md. 231, 258, 638 A.2d 762, 776 (1994) (elaborating on the proposition that requested instructions need not be given if the matter is adequately covered by instructions actually given); *Sergeant Co. v. Pickett,* 285 Md. 186, 193, 401 A.2d 651, 655 (1979) ("The court may instruct the jury upon the law, either by granting requested instructions or by giving instructions of its own on particular issues or on the action as a whole, or by several or all of these methods, but need not grant any requested instruction if the matter is fairly covered by instructions actually given."). Because Maryland Civil Pattern Jury Instruction 30:3 is a correct exposition of applicable law, the instruction actually given should have fairly covered the substance of the requested instruction.

In the instant case, the trial judge instructed the jury as follows:

"The posture of this case [is that] *under the law the claimant in this case is presumed to be an independent contractor.* She is not presumed to be an employee. The claimant in the case has the burden of proving her case to the extent that she is an employee. The claimant asserts that claim, that she is an employee, and has the burden of proving it by what we call [a] preponderance of the evidence." (Emphasis added).

This instruction obviously failed to address the existence of the Commission's decision, and it failed to inform the jury that the presumption that Holman is an independent contractor resulted from that prior determination. As such, we conclude that the instruction given did not fairly cover "the substance of the requested instruction." *Wegad,* 326 Md. at 414, 605 A.2d at 126. Therefore, we shall affirm the Court of Special Appeals' decision which reversed the circuit court and remanded for a new trial.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER.*

ELDRIDGE, J., dissents.

ELDRIDGE, Judge, dissenting:

In the context of this case, I am not persuaded that the trial judge's failure to inform the jury of the Commission's decision prejudiced Kelly Catering, Inc. The trial judge instructed the jury that the claimant is presumed to be an independent contractor, that she is not presumed to be an employee, and that the claimant has the burden of proving that she is an employee. Under the circumstances here, I do not believe that the failure to tell the jury of the source of the presumption was so prejudicial that a new trial is warranted.

I agree with the majority that, under some of the "other scenarios" set forth in the majority opinion, 334 Md. at 488, 639 A.2d at 705, failure to tell the jury about the basis for the presumption might constitute prejudicial error. Nevertheless I am aware of no authority holding that, in every case and in every situation where the law recognizes a presumption, it is prejudicial error for a trial judge not to inform the jury of the basis or reason for the presumption. In the present case, it would be pure speculation to conclude that the jury may have failed to apply the presumption because it was unaware of the basis for it.

I would reverse the judgment of the Court of Special Appeals and direct that the judgment of the Circuit Court for Anne Arundel County be affirmed.