689 A.2d 619

**PLANNING RESEARCH CORPORATION, et al.**

v.

**Clarence ELFORD, et al.**

**No. 700, Sept. Term 1996.**

Court of Special Appeals of Maryland.

Feb. 4, 1997.

Reconsideration Denied March 25, 1997.

Argued before MURPHY, C.J., EYLER, J., and THEODORE G. BLOOM, Judge (retired), Specially Assigned.

Eugene I. Kane, Jr. (Semmes, Bowen & Semmes, on the brief), Washington, DC, for Appellants.

Roger J. Myerberg (Sawyer & Myerberg, P.A., on brief), Lexington Park, for Appellee Elford.

David R. Jones, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Sophia L. Swope, Assistant Attorney General, on the brief), Baltimore, for Appellee Subsequent Injury Fund.

BLOOM, Judge.

Planning Research Corporation (PRC) and Birmingham Fire Insurance Co. (Birmingham) appeal from a judgment of the Circuit Court for Prince George's County in favor of appellees, Clarence Elford (Claimant), and the Subsequent Injury Fund (the Fund). On appeal, appellants present for our consideration the following issues, which we have slightly rephrased for clarity:

(1) whether the workers' compensation commission erroneously awarded temporary total disability benefits to be paid concurrently with permanent partial disability benefits;

(2) whether the trial court erred in precluding appellant from presenting rebuttal testimony; and

(3) whether the trial court erroneously instructed the jury as to the specific issues to be decided.

Finding no error, we shall affirm the judgment of the circuit court.

### Facts

On 23 August 1988, Claimant suffered a work-related back injury while employed with PRC, and sought workers' compensation benefits, claiming to be permanently, partially disabled. A hearing was scheduled before the Workers' Compensation Commission.

After the hearing, the Commission found that Claimant was permanently partially disabled and awarded him compensation accordingly. The Commission also concluded that "the overall disability of the Claimant does not exceed 50% of the body as a whole and because apportionment is not applicable, the Subsequent Injury Fund is not liable at this time." Claimant was also awarded vocational rehabilitation benefits, to "be paid simultaneously with his permanent partial disability benefits."

Appellants then noted an appeal to the Circuit Court for Prince George's County and moved for summary judgment. After the motion was denied, the matter was submitted to a jury, which returned a verdict in favor of Claimant. This appeal followed.

## I.

Appellants first contend that the Commission erred in awarding Claimant simultaneous payments of temporary total and permanent partial disability benefits, relying on Md.Code Ann. (1991 Repl. Volume & 1996 Supp.), § 9–631 of the Labor and Employment Article (L. & E.). L. & E. § 9–631 provides, "Compensation for a permanent partial disability under this Part IV of this subtitle shall be paid in addition to and consecutively with compensation for a temporary total disability under Part III of this subtitle."

Appellants' argument that a claimant may not concurrently receive temporary total and permanent partial disability benefits misses the mark. The Commission made no such award. Rather, Claimant was awarded:

> "[C]ompensation for permanent partial disability . . . pursuant to Section 9–630 of the Labor Article; and . . . that . . . claimant be referred to RORS for retraining and job placement and the employer and insurer shall pay the claimant compensation at the rate of $382.00 per week during said period and that said payments shall be paid simultaneously with permanent partial disability benefits."

Appellants have confused an award of compensation during "retraining and job placement" with an award of temporary total disability benefits. A "period of temporary disability is

the healing period or the time during which the worker is wholly disabled and unable by reason of his injury to work," *Gorman v. Atlantic Gulf & Pac. Co.*, 178 Md. 71, 78, 12 A.2d 525 (1940), "[w]hile vocational rehabilitation services means professional services reasonably necessary during or after or both during and after medical treatment to enable a disabled covered employee, as soon as practical, to secure suitable gainful employment." L. & E. § 9–670(d)(1). To be sure, L. & E. § 9–631 prohibits the concurrent payment of benefits under Parts III and IV of Title 9, Workers' Compensation, of the Labor & Employment Article; but it is Part XI, not Parts III and IV, that provides for vocational rehabilitation services. We believe that if the General Assembly had intended to prohibit concurrent payments of compensation under Title IV and Title XI it would have done so expressly.

While the injured worker is receiving vocational rehabilitation services, he receives monetary compensation "as if [he were] temporarily totally disabled." Appellants argue that Claimant should not be receiving the equivalent of temporary total compensation and permanent partial compensation at the same time. We do not perceive the anomaly that appellants complain of. Temporary total compensation is awarded to provide the injured worker with money to meet living expenses while he is unable to work; permanent partial disability compensation is intended to recompense the worker for a present impairment of future earning capacity. There is no inherent conflict between payments of compensation to enable the injured worker to meet his weekly living expenses while he is not working because he is undergoing rehabilitation services and payments to compensate him for the loss of future earning capacity that he has already sustained. Both forms of compensation may be paid at the same time; the former is limited to the period of vocational rehabilitation, while the latter is limited to a specific number of weeks.

## II.

Appellants next contend that they were erroneously precluded from presenting rebuttal testimony. That issue, however, has not been preserved for our review.

It appears from the record that appellants sought to present rebuttal testimony from one Dr. Hanley. Although the trial court did not rule on the matter, it commented that it would do so upon Dr. Hanley's being called as a rebuttal witness. As appellants did not call Dr. Hanley as a rebuttal witness, it was not necessary for the trial court to rule on appellants' request. Therefore, we need not address the issue. *Ocean City Board v. Gisriel,* 102 Md.App. 136, 165, 648 A.2d 1091 (1994), *cert. granted,* 337 Md. 641, 655 A.2d 400 (1995).

### III.

Appellants finally contend that the jury was not properly instructed. On completion of the evidence, appellants requested a jury instruction on the concept of loss of wage-earning capacity in relation to Claimant's pre-existing condition. The trial court declined to give the requested instruction.

■ Maryland Rule 2–520 provides that "[t]he court need not grant a requested instruction if the matter is fairly covered by instructions actually given." As the Court of Appeals put it in *Holman v. Kelly Catering Inc.,* 334 Md. 480, 495–96, 639 A.2d 701 (1994):

[T]o rule upon the propriety of denying a requested jury instruction, a reviewing court must determine whether the requested instruction was a correct exposition of the law, whether that law was applicable in light of the evidence before the jury, and finally whether the substance of the requested instruction was fairly covered by the instruction actually given.

■ The trial court is afforded wide latitude in instructing the jury, and an appellate court "cannot put the 'trial judge in a strait-jacket and prescribe or adopt a formula to be used and followed by him,' with reference to his charge to the jury." *State ex rel. Taylor v. Barlly,* 216 Md. 94, 100, 140 A.2d 173 (1958), quoting *Feinglos v. Weiner,* 181 Md. 38, 48, 28 A.2d 577 (1942). The instruction given by the court required the jury to determine, if it found that the Claimant had a preexisting permanent impairment, whether "the previous im-

pairment was a hinderance to the employee's employment...." That language, being consistent with L. & E. § 9–802(b)(1), which makes a preexisting permanent impairment "that is or is likely to be a hinderance or obstacle to the employment of the covered employee" a condition for an award of compensation from the Subsequent Injury Fund, fairly covered the issue to be decided by the jury. We perceive no error in the court's denial of the instruction requested by appellants.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**