*Luther Gales, III v. Sunoco, Inc. and American Zurich Insurance*, No. 99, September Term, 2013, Opinion by Adkins, J.

**WORKERS' COMPENSATION LAW — *DE NOVO* WORKERS' COMPENSATION JURY TRIALS — WORKERS' COMPENSATION COMMISSION ("COMMISSION") DECISIONS:** An appellant in a *de novo* workers' compensation jury trial is not required to move the Commission decision into evidence.

Circuit Court for Baltimore City
Case No.: 24-C-11-003170
Argued: September 4, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 99

September Term, 2013

LUTHER GALES, III

v.

SUNOCO, INC. and
AMERICAN ZURICH INSURANCE

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Adkins, J.

Filed: October 23, 2014

In Maryland, a party aggrieved by a decision of the Workers' Compensation Commission ("Commission")[1] may appeal to the circuit court and request a jury trial. Md. Code (1991, 2008 Repl. Vol.), § 9-737 of the Labor and Employment Article; § 9-745(d) of the Labor and Employment Article. The scope of this jury trial, which is essentially *de novo*, encompasses "any question of fact involved in the case." § 9-745(d) of the Labor and Employment Article. In this case, we consider whether the appellant in a *de novo* workers' compensation jury trial must move the Commission decision into evidence.

## FACTS AND LEGAL PROCEEDINGS

On February 20, 2010, Petitioner, Luther Gales, III, sustained an accidental injury while delivering gasoline for Respondent, Sunoco, Inc. As a result of the accident, Sunoco's workers' compensation insurer, Respondent, American Zurich Insurance, compensated Gales for temporary total disability[2] from February 21, 2010 to December 28, 2010. After this initial period, Gales requested that Sunoco, Inc. and American Zurich Insurance (collectively "Employer") pay for additional temporary total disability benefits to begin on December 29, 2010, as well as an evaluation by a pain management specialist. After Employer refused, Gales filed a claim with the Commission. Following a hearing, the Commission entered an Award of Compensation ("Award"), ordering Employer to pay

---

[1] The Commission is an independent unit of the State government that hears workers' compensation claims. *See* Md. Code (1991, 2008 Repl. Vol.), § 9-301 of the Labor and Employment Article.

[2] "This Court has defined the period of temporary total disability as the 'healing period, or the time during which the workman is wholly disabled and unable by reason of his injury to work.'" *Buckler v. Willett Constr. Co.*, 345 Md. 350, 356, 692 A.2d 449, 452 (1997) (citation omitted).

for the additional benefits and evaluation. Employer appealed to the Circuit Court for Anne Arundel County and requested a jury trial.[3]

At the beginning of *voir dire*, the trial judge instructed the venire that Gales prevailed before the Commission and that Employer was appealing that decision. In their opening statements, all parties advised the jury that the Commission entered an Award in Gales's favor, and Gales also informed the jury that the Award is presumed *prima facie* correct.

During its case-in-chief, Employer presented the video deposition of Dr. Robert Riederman, an orthopedic surgeon. Dr. Riederman testified that no further medical treatment was necessary and Gales could return to work without restrictions. After playing the video deposition, Employer rested its case. Gales then moved for judgment, arguing that because Employer failed to move the Award into evidence, it had failed to meet its burden to invoke the jurisdiction of the circuit court.[4] Although Employer maintained it was not obligated to offer the Award into evidence, it nevertheless moved to reopen

---

[3] The case was eventually transferred from the Circuit Court for Anne Arundel County to the Circuit Court for Baltimore City.

[4] Specifically, Gales advanced:

> Because this is an administrative law appeal, it is incumbent for this court to have jurisdiction by some act of the appellant. And in this case, the appellant has rested. She has not put in any evidence of the decision of the Commission. Under the rules of court, without the decision of the Commission . . . the circuit court has no jurisdiction and the appeal must be dismissed.

2

evidence so it could do so. The trial court, however, denied the Motion to Reopen and granted Gales's Motion for Judgment.

In its March 2, 2012 Order granting the Motion for Judgment and affirming the Award, the trial court explained that § 9-745 of the Labor and Employment Article ("LE § 9-745") "makes the [Commission] decision, or a version of the decision, a piece of evidence that would need to be considered by the jury." The trial court then added the following:

> As the Court of Appeals stated in *Holman v. Kelly Catering*, "In order to effectuate the legislature's mandate that the Commission's 'decision . . . is presumed to be prima facie correct,' the jury should know what decision is presumed correct and who made that decision." 334 Md. 480, 487[, 639 A.2d 701, 704] (1994). And it is the Appellant who has the burden to show that, based on the evidence it presented in the case in chief, the decision of the [Commission] is incorrect. To not require the Appellant to introduce the [Commission] decision would effectively shift the burden of proof to the Appellee, in contravention to § 9-745(b)(2).

Employer filed a Motion for New Trial, contending it was not required to move the Award into evidence. After the trial court denied that motion, Employer appealed to the Court of Special Appeals, arguing the same ground advanced in its Motion for New Trial and also that the trial court erred in refusing to grant its Motion to Reopen.

The intermediate appellate court reversed the trial court, concluding that it erroneously interpreted *Holman v. Kelly Catering, Inc.*, 334 Md. 480, 639 A.2d 701 (1994) and LE § 9-745(b). Specifically, the Court of Special Appeals held that neither *Holman* nor LE § 9-745(b) requires the appellant to move the Award into evidence. With this holding, there was no need to address the issue of reopening.

3

Gales petitioned for writ of certiorari, which this Court granted on October 18, 2013, to answer the following question:

> Is the appellant in a *de novo* workers' compensation jury trial required to move the Commission decision into evidence?[5]

Because we answer no, we shall affirm the judgment of the Court of Special Appeals.

## DISCUSSION

"We review the trial court's grant of [Gales's] Motion for Judgment *de novo*, considering the evidence and reasonable inferences drawn from the evidence in the light most favorable to [Employer]." *Thomas v. Panco Mgmt. of Md., LLC*, 423 Md. 387, 393–94, 31 A.3d 583, 587 (2011).

### *Holman*

We begin by analyzing our decision in *Holman v. Kelly Catering, Inc.* There, Sandra Ann Holman filed a claim for workers' compensation benefits based on bodily injuries she sustained in an accident while driving a catering truck for Kelly Catering, Inc. ("Kelly"). After a hearing, the Commission denied Holman's request for benefits, finding she was an independent contractor. Holman appealed to the Circuit Court for Anne Arundel County and requested a jury trial. Prior to trial, Holman moved the court to exclude any reference to the Commission decision. Over Kelly's objection, the trial judge granted the motion, and trial began. After both parties presented their evidence, the trial

---

[5] For the sake of brevity, we shortened the question presented from how it was presented in the briefs, retaining its essence.

4

judge instructed the jury without mentioning the Commission decision.[6] The jury returned a verdict that Holman was an employee of Kelly. Kelly appealed, and the Court of Special Appeals reversed and remanded for a new trial. One of the bases for reversal was the trial court's failure to instruct the jury on the Commission decision. We granted *certiorari* to consider the role of a Commission decision in a *de novo* workers' compensation jury trial.

The dispute between the parties in *Holman* primarily concerned the scope of LE § 9-745(b), which provides: "(1) the decision of the Commission is presumed to be prima facie correct; and (2) the party challenging the decision has the burden of proof." We reasoned that "[s]ound statutory interpretation strongly indicates that § 9-745(b) requires the jury to be informed of the decision of the Commission notwithstanding the fact that the statute does not expressly say so." *Holman*, 334 Md. at 490, 639 A.2d at 706. We concluded that "by specifying the Commission[] decision is 'presumed to be prima facie correct,' the legislature intended for the jury to be instructed as to what decision is presumed correct and who rendered that decision." *Id.* at 491, 639 A.2d at 706.

---

[6] The exact instruction given in *Holman v. Kelly Catering, Inc.* was as follows:
> The posture of this case [is that] *under the law the claimant in this case is presumed to be an independent contractor. She is not presumed to be an employee. The claimant in the case has the burden of proving her case to the extent that she is an employee.* The claimant asserts that claim, that she is an employee, and has the burden of proving it by what we call [a] preponderance of the evidence. To prove a preponderance of the evidence . . . means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that is more likely true than not true.

334 Md. 480, 483, 639 A.2d 701, 702–03 (1994) (alterations and emphasis in original).

The parties in *Holman* submitted that their dispute presented us with our first opportunity to decide whether a Commission decision has any evidentiary value to a judge or jury in a *de novo* workers' compensation jury trial. Yet, the *Holman* Court observed that "our prior decisions have indicated that the jury should be instructed on the Commission[] decision so the jurors may consider it in reaching their verdict." *Id.* at 491, 639 A.2d at 707. After reviewing several cases, we stated that "Maryland case law demonstrates that the commonly accepted understanding of [LE § 9-745(b)] is that jury instructions should refer to the fact that the Commission rendered a prior decision, and that such a decision is *prima facie* correct." *Id.* at 493, 639 A.2d at 708. We concluded that this "commonly accepted understanding" complied with LE § 9-745(b). *Id.* at 493–94, 639 A.2d at 708.

After an in-depth discussion in *Holman* of whether jury instructions must refer to the Commission decision being appealed, we briefly addressed the issue of permitting the jury to examine a Commission decision in evidence. We explained: "[o]rdinarily . . . it would be sufficient for a trial judge simply to tell the jury what the Commission decided . . . and explain that the Commission's determination is presumed *prima facie* correct." *Id.* at 494–95, 639 A.2d at 708. Ultimately, we held that the Commission decision cannot be excluded during the circuit court appellate proceeding challenging that decision—the jury must be informed of the Commission decision and its *prima facie* correctness.

Employer contends that because *Holman* did not hold that the appellant must move the Commission decision into evidence, the Court implicitly held that moving the Commission decision into evidence is discretionary. This appeal is not resolved quite so

6

readily, because the *Holman* Court never reached the issue of whether moving for admission of the decision into evidence was mandatory.

Gales does not dispute that *Holman* requires a trial judge to instruct the jury that the Commission rendered a decision and explain that the decision is presumed *prima facie* correct. He argues, however, that this requirement implies that an appellant must move the decision into evidence because a trial judge can only fashion such an instruction if the decision is in evidence. This argument is unavailing.

Jury instructions "must correctly state the law, and . . . that law must be applicable in light of the evidence before the jury." *Sergeant Co. v. Pickett*, 285 Md. 186, 194, 401 A.2d 651, 655 (1979). Even when the Commission decision is not in evidence, the instruction we prescribed in *Holman* satisfies both elements of this test.

First, the instruction we prescribed in *Holman* correctly states the law as articulated in LE § 9-745(b)(1) by incorporating the Commission decision and explaining that it is presumed *prima facie* correct. *See* § 9-745(b)(1) of the Labor and Employment Article. Second, this statement of the law is "applicable in light of the evidence before the jury." During their cases-in-chief, the parties in a Commission appeal present the evidence that permits the jury to determine whether the appellant has rebutted the presumption that the Commission decision is *prima facie* correct. Here, Employer presented the video deposition of Dr. Riederman, who testified that, in his opinion, Gales did not require additional medical treatment. Even though Employer did not offer the Commission decision into evidence, the instruction we prescribed in *Holman* would have been appropriate in light of Dr. Riederman's testimony because his testimony would have

7

permitted the jury to determine whether Employer rebutted the presumption that the Commission decision was correct.

## LE § 9-745(B)

We now turn to LE § 9-745(b) because our ultimate decision must ensure compliance with that provision. In *Holman*, the Court engaged in an extensive interpretation of LE § 9-745(b). As we indicated earlier, the *Holman* Court read LE § 9-745(b) as requiring the jury to be informed of the decision of the Commission. *Holman*, 334 Md. at 490, 639 A.2d at 706. The question remains then whether LE § 9-745(b) also requires the appellant to move the Commission decision into evidence, although the statute does not expressly say so.

"The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the Legislature." *Kushell v. Dep't of Natural Res.*, 385 Md. 563, 576, 870 A.2d 186, 193 (2005). Therefore, we must determine whether the Legislature intended to require an appellant to move the Commission decision into evidence.

"In analyzing a statute, we must always be cognizant of the fundamental principle that statutory construction is approached from a 'commonsensical' perspective. Thus, we seek to avoid constructions that are illogical, unreasonable, or inconsistent with common sense." *Frost v. State*, 336 Md. 125, 137, 647 A.2d 106, 112 (1994) (citation omitted). In *Holman*, we concluded the Legislature intended for juries to know that the Commission made a decision and what it was. 334 Md. at 486, 639 A.2d at 704. Deciding that the Legislature also intended to require an appellant to move the Commission decision into evidence would be an unreasonable and illogical construction of LE § 9-745(b). Instead

8

of permitting a jury to examine a Commission decision that is in evidence, it is ordinarily sufficient for a trial judge to tell the jury what the Commission decided and explain that the decision is presumed *prima facie* correct. *Id.* at 494–95, 639 A.2d at 708. Indeed, the *Holman* Court foresaw that there could be sound reasons why a copy of the Commission's verdict should not be given to the jury. As it instructed, "if the [Commission] decision contains extraneous or harmful matter, or the prejudice outweighs its probative value, a judge obviously should refuse to provide a copy to the jury." *Id.* at 495, 639 A.2d at 708 (citation omitted).

Thus, construing LE § 9-745(b) from a "commonsensical" perspective, we infer that the Legislature did not intend to *require* appellants to move the Commission decision into evidence. Such a requirement would do little to advance the legislative objective that juries should be informed of what the Commission decided. Introducing the decision provides no more information to the jury than does the instruction from the judge. Indeed, an instruction from a judge is a better control for preventing extraneous information from tainting the jury's deliberations.

Section 9-745(b)(1) provides that "the decision of the Commission is presumed to be prima facie correct." We next consider whether a jury can, without the Commission decision being in evidence, apply the presumption of *prima facie* correctness mandated by this subsection and determine whether the appellant has met his burden, imposed by LE § 9-745(b)(2), of proving the Commission erred.

Gales asserts that a jury cannot presume a Commission decision is *prima facie* correct if that decision is not in evidence. We do not agree. Instructing the jury is an

9

equally valid method to inform the jury of the statutory presumption. There is no benefit to the jury from viewing a copy of the Commission decision, which provides neither additional information nor insight about such decision or the statutory presumption.

We find support for our view in at least two Maryland workers' compensation treatises, which confirm that moving the Commission decision into evidence is discretionary. *See* Maurice J. Pressman, *Workmen's Compensation in Maryland*, § 4-26, at 441 (2d ed. 1977) ("[T]he Commission's award is presumed to be correct and *may* be offered in evidence[.]") (emphasis added); Clifford B. Sobin, *Maryland Workers' Compensation*, § 22:9, at 31 (2013–2014 ed.) ("Where it is not prejudicial to a party the Commission's Order *may* be admitted into evidence . . . .") (emphasis added). As we held in *Holman*, a trial judge can and *must* inform the jury of the Commission decision. 334 Md. at 490, 639 A.2d at 706; *see also* Maryland Civil Pattern Jury Instruction (4th ed., 2013 Supp.) ("MPJI-Cv") 30:1, at 739 ("This case has been heard and decided by the Workers' Compensation Commission. The [Employee is] [Employer and Insurer are] appealing the decision of the Commission. The Commission determined that (insert findings). This decision is presumed to be correct. The [party appealing has] the burden of proving by a preponderance of the evidence that the decision is wrong.").

Section 9-745(b)(2) provides that "the party challenging the [Commission] decision has the burden of proof." Gales contends that if an appellant does not move the Commission decision into evidence, it cannot meet its burden because a jury cannot evaluate whether the Commission erred if the Commission decision is not in evidence. This argument is unpersuasive because it erroneously assumes that the only effective way

to communicate a Commission decision to a jury is to move that decision into evidence. As we discussed *supra*, a jury can, equally well, learn about the decision by listening to the instruction we prescribed in *Holman*. Even when the Commission decision is not in evidence, this instruction permits jurors to evaluate whether the appellant has met his burden of proof. *See Holman*, 334 Md. at 486–87, 639 A.2d at 704 ("[I]f the jurors are told that the [Commission] decision is *prima facie* correct, they *obviously* will consider it in weighing whether the party challenging the Commission's decision has met its burden of proof . . . .") (emphasis added).

The burden of proof placed on a workers' compensation appellant "means simply that [he] must demonstrate to the fact-finder that the Commission erred." Richard P. Gilbert et al., *Maryland Workers' Compensation*, § 16.07, at 14 (4th ed. 2013). As this treatise explains, there are a number of techniques an appellant may employ to meet his burden:

> [An] appellant may submit new evidence, rely in whole or in part on the record made before the Commission, show by argument that the Commission misconstrued the facts, attached improper weight to a particular witness, misjudged the credibility of a witness or all of the witnesses, or the appellant may rely on any combination of the foregoing reasons.

*Id.* at 14–15 (citing *Abell v. Albert F. Goetze, Inc.*, 245 Md. 433, 226 A.2d 253 (1967) and *Morris v. Christopher*, 255 Md. 372, 258 A.2d 172 (1969)). Gales does not cite, and we have not found, any case holding that an appellant must move the Commission decision, or any specific item of evidence, into evidence to meet his burden of proof. An appellant has the burden of persuading the jury by a preponderance of the evidence that the

Commission erred. Subject to the rules of evidence, the exhibits and testimony he presents in attempting to meet this burden are within his discretion.[7]

Finally, we observe that a *de novo* workers' compensation jury trial is a different species than most other jury trials.[8] Unlike most jury trials, a *de novo* workers' compensation jury trial introduces to the jury, for its consideration, the judgment of another decision-maker. The Commission decision is not like other evidence, which bears on the merits of the case. In this sense, it is not even factual—which helps to explain why we consider a jury instruction, without an evidentiary basis, sufficient to convey the Commission decision to the jury.

---

[7] If the party prevailing before the Commission seeks to emphasize that decision for the jury, it always has the right to introduce a copy of the decision in its own case. And of course, opening and closing statements can home in on the presumption.

[8] *De novo* workers' compensation appeals are somewhat similar to appeals from the Health Care Alternative Dispute Resolution Office. Md. Code (1973, 2013 Repl. Vol.), § 3-2A-06(d) of the Courts and Judicial Proceedings Article ("CJP") provides:

> Unless vacated by the court pursuant to subsection (c) of this section, the unmodified arbitration award is admissible as evidence in the judicial proceeding. The award shall be presumed to be correct, and the burden is on the party rejecting it to prove that it is not correct.

Health care arbitration appeals differ, however, in that the claimant bears the burden of proof regardless of who prevailed before the health claims panel. *See Newell v. Richards*, 323 Md. 717, 729, 594 A.2d 1152, 1158 (1991). We have held that in health care arbitration appeals, the trial judge should instruct the jury that the claimant has the burden of proof and explain that the health claims panel made a decision that is presumed correct. *Id.* at 733–34, 594 A.2d at 1160. These appeals markedly decreased after the enactment of CJP § 3-2A-06B enabled a claimant or any defendant to waive arbitration with the Health Care Alternative Dispute Resolution Office. *See* § 3-2A-06B of the Courts and Judicial Proceedings Article.

12

**CONCLUSION**

In conclusion, we hold that an appellant in a *de novo* workers' compensation jury trial is not required to move the Commission decision into evidence. The Court's decision in *Holman* requires a trial judge to give an instruction encompassing the Commission decision and explaining that it is *prima facie* correct. A trial judge can give this instruction when the Commission decision is not in evidence because the instruction informs the jury about the unique procedure applicable to a *de novo* workers' compensation jury trial. Even when the Commission decision is not in evidence, the instruction we prescribed in *Holman* permits the jury to apply the presumption of *prima facie* correctness to the decision and determine whether the appellant has met his burden of proving the Commission erred. Of course, an appellant—or appellee—may still move the Commission decision into evidence, and be subject to the types of objections that might persuade a judge to bar admission or admit it only after selected redactions. Neither is required to do so.

Accordingly, we affirm the judgment of the Court of Special Appeals.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**

13